39097.   SMITH v. RICH'S, INC.

DECIDED NOVEMBER 17, 1961—REHEARING DENIED
NOVEMBER 30, 1961.

*William A. Thomas,* for plaintiff in error.

*Smith, Swift Currie, McGhee & Hancock, Charles L. Weltner,* contra.

FELTON, Chief Judge. It is the contention of the defendant in error that at the time of the commission of the alleged torts the plaintiff and the defendant were both operating under the provisions of the Workmen's Compensation Act and that the plaintiff's remedy was restricted to a claim filed with the State Board of Workmen's Compensation by the terms of *Code* § 114-103, which states: "The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death." Conceding that the plaintiff and the defendant, as employee and employer, were under the terms of the act at the time in question, the issue then is whether or not the injuries alleged by the plaintiff were such as would have been compensable under the act, and, if not, whether the plaintiff is barred by *Code* § 114-103 from bringing a common-law action against the defendant. *Code Ann.* § 114-102 provides as follows: " 'Injury' and 'personal injury' shall mean only injury *by accident* arising out of and in the course of the employment and shall not, except as hereinafter provided, include a disease in any form except where it results

naturally and unavoidably from the accident, nor shall 'injury' and 'personal injury' include injury caused by the wilful act of a third person directed against an employee for reasons personal to such employee." (Italics ours). By the plain and unambiguous terms of the statute, the injuries which are compensable under the act are injuries "by *accident*," whereas the injuries for which this plaintiff seeks damages are alleged to have been done intentionally and maliciously.

The case of *Fowler v. Southern Wire & Iron, Inc.*, 104 Ga. App. 401 (122 SE2d 157), recently decided by this court, has adjudicated the issue in the case at bar, holding that an injury to an employee caused by the wilful and intentional acts by an officer of the employer, acting as agent of the employer, was not an accident covered by the Georgia Workmen's Compensation Act, and that for such an intentional tort the employee could maintain an action at common law against the employer. This case is controlling, provided it is sufficiently alleged in each count of the petition that the alleged tortious acts were wilful and wrongful acts of the defendant Rich's, Inc., and not merely independent acts of servants, agents or hirelings of the employer. There are such allegations in each count, as follows: In count 1, paragraph 68, it is alleged that the plaintiff was "falsely, illegally and wrongfully and shamefully held by said men *at the instance and direction of defendant Rich's, Inc. . . .*" (Italics ours). In count 2, paragraph 82, it is alleged that "said lie detector test was an assault and did constitute a tort *wilfully and maliciously* carried out by defendant through its said agents and hireling, or hirelings, after premeditation. . ." (Italics ours). Count 3 adopts paragraph 82 of count 2, supra. Paragraph 56 of count 4 alleges that "defendant through its agents and servants . . . directed and instructed its said agents . . . to arrest and detain petitioner," and that such was an illegal and wrongful restraint on her liberty. Paragraph 82 of count 5 is the same as paragraph 82 of count 2, supra.

Since the allegations of the plaintiff's petition are sufficient to allege a cause of action, it follows that the trial court erred in sustaining the defendant's general demurrers to each of the five counts of the petition.

*Judgment reversed. Bell and Hall, JJ., concur.*