40775.   GREENBAUM et al. v. BROOKS.

662

DECIDED NOVEMBER 19, 1964.

*Joseph J. Fine, Fine & Rolader, A. J. Block, Jr., D. W. Ro-*

*lader, Edenfield, Heyman & Sizemore, Newell Edenfield,* for plaintiffs in error.

*Frank W. Scroggins,* contra.

BELL, Presiding Judge. ■ The evidence appearing in the record is sufficient to have authorized the jury to find that the plaintiff was unlawfully detained and deprived of his personal liberty within the meaning of *Code* § 105-901.

There is evidence to the effect that plaintiff was taken into a defendant's office, the door was closed and the interrogator placed a chair against the door and sat in the chair. The plaintiff was then questioned regarding stolen money. At least twice during the interrogation the plaintiff asked to leave. Plaintiff testified he was afraid to leave and was at the time physically afraid of the interrogator. On one occasion plaintiff stood up to leave but was shoved back and told, "You're not through yet." This evidence alone, although contradicted, was sufficient to create a jury issue on the false imprisonment of the plaintiff's person and to support their affirmative finding that he was illegally restrained.

The only elements necessary to create liability for false imprisonment are the detention and its unlawfulness. *Waters v. National Woolen Mills,* 142 Ga. 133 (82 SE 535); *Conoly v. Imperial Tobacco Co.,* 63 Ga. App. 880 (12 SE2d 398). Malice and want of probable cause need not be shown. *Westberry v. Clanton,* 136 Ga. 795 (72 SE 238); *Vlass v. McCrary,* 60 Ga. App. 744 (5 SE2d 63). "The restraint constituting a false imprisonment may arise out of words, acts, gestures or the like, which induce a reasonable apprehension that force will be used if plaintiff does not submit; and it is sufficient if they operate upon the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries." *Sinclair Refining Co. v. Meek,* 62 Ga. App. 850, 854 (10 SE2d 76).

■ The defendants contend they are not liable for any illegal restraint of the plaintiff's person since the interrogator was an independent contractor and not the defendants' agent.

While there is evidence in the record showing that the interrogator was an investigator for a detective agency with whom the defendants had contracted to conduct "purchase tests" in the

defendants' store, there is nothing specific in the written contract between the defendants and the detective agency relating to oral interrogations. For this reason the contract is not at all inconsistent with a finding that at the time of plaintiff's detention the investigator was acting no longer as agent of the independent contractor, but instead as defendants' agent. Add to this the following uncontradicted facts shown by the evidence: (1) One of the defendants, together with the investigator, planned the "mutually suggested" interrogation of plaintiff. (2) One defendant provided his private office on the defendants' premises as the place for conducting the interrogation. (3) One defendant made plaintiff available for the interrogation during working hours and initiated it by directing plaintiff into the office and presenting him to the interrogator. (4) One defendant determined when the interrogation should cease. Obviously the plaintiff could not have been interrogated at all without having at least the cooperation of the defendants and the facts are susceptible to the inference that the defendants actually exercised a power of direction and control over the interrogator at the time of plaintiff's detention.

The agency relationship may arise *by implication* as well as by express authority. *Code* § 4-101; *Griffin v. Russell,* 144 Ga. 275, 278 (87 SE 10, LRA 1916F 216, AC 1917D 994). "A claim of agency may be proved, as any other fact, by circumstantial evidence. . . The fact of agency may be established by proof of circumstances, apparent relations, and the conduct of the parties." See *Universalist Convention v. Guest,* 179 Ga. 168, 174 (175 SE 466) and cases there cited. The test to be applied in determining the relationship of the parties is whether the contract gives, *or the employer assumes,* the right to control the time and manner of executing the work, as distinguished from the right merely to require results in conformity to the contract. *Massee & Felton Lumber Co. v. Macon Cooperage Co.,* 44 Ga. App. 590 (2) (162 SE 396). "The employer is liable for the negligence of the contractor. . . If the employer retains the right to direct or control the time and manner of executing the work; or interferes and assumes control, so as to create the relations of master and servant. . ." *Code* § 105-502. See

*Zurich &c. Ins. Co. v. Lee,* 36 Ga. App. 248 (136 SE 173) ; *Cooper v. Dixie Constr. Co.,* 45 Ga. App. 420 (165 SE 152) ; *Griffin v. Hardware Mut. Ins. Co.,* 93 Ga. App. 801 (92 SE2d 871) ; *Newsome v. Dunn,* 103 Ga. App. 656 (3) (120 SE2d 205). "A principal may be liable for the wilful tort of his agent, done in the prosecution and within the scope of his business, although it is not expressly shown that he either commanded the commission of the wilful act or assented to it. Since the determinative question in the case is whether the act is done 'in the prosecution and within the scope of' the principal's business . . . either command or assent can properly be implied. . ." *Planters Cotton-Oil Co. v. Baker,* 181 Ga. 161, 163 (181 SE 671). Cf. *Code* §§ 4-312, 105-108.

Under the foregoing principles the evidence authorized the inference that at the time of plaintiff's illegal detention the interrogator was acting as the defendants' agent and within the scope of his authority.

■ The defendants contend also that they are not liable for the false imprisonment of plaintiff as his detention and interrogation occurred during working hours and while the defendants were paying for his time.

The contention does not establish an acceptable defense as the explicit language of *Code* § 105-901 does not permit it. The unmistakable language of the Code makes it clear that the unlawful detention of the person of another depriving him of his personal liberty is an actionable tort even though the one restrained is an employee of the offender and is at the time of the illegal restraint being paid by the offender. In this connection see Moffatt v. Buffums, Inc., 21 Cal. App. 2d 371 (69 P2d 424) ; Dillon v. Sears-Roebuck Co., 126 Neb. 357 (253 NW 331) ; 35 CJS 645, False Imprisonment, § 19.

■ Although neither party mentions the possibility in his argument and the matter is not pleaded affirmatively in the petition, the verdict for the plaintiff was also authorized under the provisions of *Code* § 105-903, which states in part that "If the imprisonment is the act of several persons, they may be sued jointly or separately. . ." There was sufficient evidence offered without objection which would have the effect of amend-

ing the pleadings under the theory stated in *Harvey v. DeWeill*, 102 Ga. App. 394, 404-407 (116 SE2d 747), and which would have authorized the verdict against the defendants.

The trial court did not err in denying the defendants' motion for judgment notwithstanding the verdict.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*