## 51201. CLINE v. AETNA CASUALTY & SURETY COMPANY et al.

CLARK, Judge.

This action arises out of a workmen's compensation lump sum settlement which was approved by the State Board of Workmen's Compensation in 1962. This suit was brought in 1969 by Patsy Diane Cline, as next friend of Hal Cline (claimant), against Lever Brothers Company (employer), Aetna Casualty & Surety Company (insurer) and a third defendant who had served as the claimant's attorney in the handling of his workmen's compensation proceeding.

The complaint alleged that the three defendants conspired to defraud claimant by withholding medical evidence of claimant's condition from the workmen's compensation board at the time of the approval of the lump sum settlement. Claimant sought recovery of $7,126 as special damages for loss of workmen's compensation benefits from all three defendants. Additionally, claimant prayed for exemplary damages in the sum of one million dollars "to deter the defendants from again perpetrating such fraud." Following discovery and an appeal to this court,[1] the complaint was amended to allege (1) that the employer and insurer defrauded claimant by withholding medical evidence of his physical condition; and (2) that the claimant's attorney failed "to exercise reasonable skill and diligence in the performance of obtaining workmen's compensation benefits for Hal Cline [claimant]." The amended complaint sought the same amount of special damages from the defendants as did the original complaint — $7,126 for loss of workmen's compensation benefits; however, exemplary damages were sought only against the employer and insurer.

---

[1]In the previous appeal, *Cline v. Lever Bros. Co.,* 124 Ga. App. 22 (183 SE2d 63), the grant of a motion to dismiss the complaint was reversed because the judgment, which had been entered by a judge emeritus, was void under the ruling of *Adams v. Payne,* 219 Ga. 638 (135 SE2d 423).

Following the amendment to the complaint, a consent judgment was entered in favor of claimant's workmen's compensation attorney. This consent judgment represented the culmination of negotiations between claimant and his former attorney wherein the latter agreed to pay claimant $7,000 to dismiss the case against him. The record reflects that this negotiated sum was paid to claimant shortly after the consent judgment was rendered.

Thereafter, the two remaining defendants, employer and insurer, filed a motion for summary judgment. The motion was granted and this appeal followed.

1. At the outset, we must determine whether the claimant's remedy lies within the exclusive domain of the workmen's compensation board. Defendants argue that the claimant's sole remedy is found in Code § 114-710 which provides that an order of the board procured by fraud shall be set aside by the court on review. We disagree. Claimant is not seeking to set aside an order procured by fraud; claimant is seeking damages against the procurers of the fraud. Compare *Lavender v. Zurich Ins. Co.,* 110 Ga. App. 196 (138 SE2d 118). Such an action does not lie within the jurisdiction of the workmen's compensation board. "The Georgia Industrial Commission is not a court of general jurisdiction, nor even of limited common-law jurisdiction, but it is an industrial commission made so by express terms of the act of the legislature to administer its provisions as provided therein. As such administrative commission it possesses only such jurisdiction, powers, and authority as are conferred upon it by the legislature, or such as arise therefrom by necessary implication to carry out the full and complete exercise of the powers granted." *Gravitt v. Ga. Cas. Co.,* 158 Ga. 613, 618 (123 SE 897).

2. "If the separate and independent acts of negligence of two or more persons or corporations combine naturally and directly to produce a single indivisible injury other than a nuisance, and if a rational basis does not exist for an apportionment of the resulting damages among the various causes, then the actors are joint tortfeasors, jointly and severally liable for the full amount of plaintiff's damages, notwithstanding the absence of

voluntary intentional concert of action among them." *Gilson v. Mitchell,* 131 Ga. App. 321 (205 SE2d 421), affd., 233 Ga. 453 (211 SE2d 744). Inasmuch as the actions of the three defendants combined to produce a single indivisible injury (i.e., loss of workmen's compensation benefits) to claimant, and inasmuch as the resulting damages cannot be apportioned rationally among the defendants, the defendants must be considered joint tortfeasors.

3. "Where the negligent acts of two persons combine, although not done simultaneously, to cause an injury to a third person they are joint tortfeasors, and the release of the first tortfeasor will release the other." *City of Buford v. Hosch,* 104 Ga. App. 615 (122 SE2d 287). Thus, "if, instead of merely dismissing his suit against one of two defendants sued jointly, the plaintiff proceeds, for a consideration, to fully settle and satisfy his claim against one, he cannot by the terms of such accord and satisfaction, where the injury or damage complained of is the same, limit the release to the defendant thus dealt with, but in such a case the claim itself becomes extinguished. [Cits.]" *Griffin Hosiery Mills v. United Hosiery Mills,* 31 Ga. App. 450 (120 SE 789). Having accepted $7,000 in consideration of his consent to the entry of a judgment in favor of the workmen's compensation attorney, plaintiff's tort claim has become extinguished. Compare *Garrett v. Garrett,* 128 Ga. App. 594 (197 SE2d 739), wherein a voluntary dismissal with prejudice of a co-defendant did not release the remaining defendant since the record failed to disclose an agreement founded upon a consideration.

4. The trial court did not err in granting defendants' summary judgment motion.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 8, 1975 — DECIDED NOVEMBER 24, 1975 — REHEARING DENIED DECEMBER 15, 1975 —

*William R. Parker,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Scott M. Hobby,* for appellees.