## 74277. McCORMICK et al. v. MARK HEARD FUEL COMPANY.
### (359 SE2d 171)

BENHAM, Judge.

Appellant Donald Gene McCormick was injured and his 16-year-old son, James Timothy McCormick, was killed when a fuel truck they were operating for their employer, appellee Mark Heard Fuel Company, ran over them. Appellants, James' parents, filed a workers' compensation claim and subsequently filed a wrongful death action against appellee, alleging that wilful conduct on appellee's part resulted in the boy's death and his father's injury. Appellants contended that appellee required decedent and his father to operate the fuel truck although appellee knew that the emergency brake system was faulty. After discovery, appellee moved for summary judgment, taking the position that the wrongful death action was barred since the boy's death was compensable under the Workers' Compensation Act (OCGA § 34-9-1 et seq.), which afforded appellants an exclusive remedy for the death of their son. The trial court granted appellee's motion for summary judgment, and appellants brought this appeal, contending that the trial court erred in so doing.

1. Appellee filed a motion to dismiss appellants' appeal, arguing that since appellants agreed with appellee's statement of facts and the current state of the law on its motion for summary judgment, they waived their right to appeal the trial court's grant of summary judgment against them. See Rule 6.5 of the Uniform Rules for Superior Courts. This argument has no merit, inasmuch as we are being asked to decide a question of law, and not whether a question of fact exists. We deny the motion.

2. Appellants would have us abandon the position enunciated by the Supreme Court in *Southern Wire &c. Co. v. Fowler,* 217 Ga. 727 (124 SE2d 738) (1962), which is that even if an employer's wilful failure to furnish a safe workplace for his employees results in an injury to those employees, their only recourse is under the Workers' Compensation Act. Id. at 731. By all indications, our appellate courts will not modify that interpretation of the Act. See *Evans v. Bibb Co.,* 178 Ga. App. 139 (2, 4) (342 SE2d 484) (1986). Although we recognize the weakness in the law, it is incumbent upon the legislature to modify the statutory exclusivity feature if it sees fit to do so, so that those who suffer losses of life and limb in the future will have the opportunity to be compensated more fully.

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs in Division 1 and in the judgment.*

Decided June 9, 1987 —
Rehearing denied July 1, 1987 —

Charles E. Moore, Michael L. Marsh, for appellants.
Thomas S. Bentley, Gary L. Seacrest, Stephen M. Worrall, for appellee.