74453. SOUTHWIRE COMPANY v. BENEFIELD.
(361 SE2d 525)

BANKE, Presiding Judge.

Benefield sued his employer (Southwire Company) and Downey (a physician in Southwire's employ), alleging that they had conspired to commit fraud, deceit, and medical malpractice by intentionally withholding from him the knowledge that he had been exposed to lead poisoning in the work place. Benefield contends that he was prevented from obtaining proper medical treatment as a result of this misconduct on the part of the defendants and that the effects of the lead poisoning were thereby aggravated. The trial court denied Southwire's motion for summary judgment, concluding as follows: "[N]ormally a claim such as this would be barred with workers' compensation being the sole remedy; however, in accord with *Downey v. Bexley*, 253 Ga. 125 (317 SE2d 523) (1984), these defendants cannot avoid an alleged breach of professional responsibility on this ground." We granted an interlocutory appeal and now reverse the judgment of the trial court. *Held*:

Where applicable, the Workers' Compensation Act provides the exclusive remedy to an employee injured "by accident arising out of and in the course of the employment." OCGA § 34-9-1 (4). Pursuant to OCGA § 34-9-281 (a), an occupational disease is considered to be a compensable, accidental injury. Southwire contends that because lead poisoning is compensable as an occupational disease pursuant to OCGA § 34-9-280 (3) (A) (xiv), workers' compensation is Benefield's exclusive remedy. See OCGA § 34-9-289; *Synalloy Corp. v. Newton*, 254 Ga. 174, 175 (326 SE2d 470) (1985).

While Benefield cites authority from other jurisdictions demonstrating a trend in the law toward permitting employees to pursue tort actions against employers for fraudulently concealing the nature

of an injury caused by hazardous materials in the work place, it appears to be well settled in this state that when an employee's injuries are compensable under the Act, he is absolutely barred from pursuing a common law tort action to recover for such injuries, even if they resulted from intentional misconduct on the part of the employer. See *Evans v. Bibb County*, 178 Ga. App. 139 (342 SE2d 484) (1986); *Southern Wire & Iron v. Fowler*, 217 Ga. 727 (2) (124 SE2d 738) (1962), rev'g *Fowler v. Southern Wire & Iron*, 104 Ga. App. 401 (122 SE2d 157) (1961).

The Supreme Court's statement in *Bright v. Nimmo*, 253 Ga. 378, 380 (320 SE2d 365) (1984), that "[i]ntentional injuries warrant special consideration" was evidently not intended to change this rule, as the holding in that case was that no common law tort action was authorized where the injury sought to be redressed was compensable under the Act. Nor does this court's holding in *Cline v. Aetna Cas. &c. Co.*, 137 Ga. App. 76 (1) (223 SE2d 14) (1975), cited in *Bright*, supra, conflict with the rule, as the injury for which the employee in that case sought redress was purely financial, not physical; and the Act provided no redress for it. Although in *Smith v. Rich's*, 104 Ga. App. 883 (123 SE2d 316) (1961), also cited in *Bright*, this court did allow an employee to maintain a tort action to recover for physical injuries allegedly resulting from intentional misconduct by the employer, the decision in that case was based on this court's prior decision in *Fowler v. Southern Wire & Iron*, 104 Ga. App. 401, supra, which was subsequently reversed by the Supreme Court. See 217 Ga. 727 (2), supra. Thus, *Smith* can no longer be considered controlling authority.

In the case relied upon by the trial court, *Downey v. Bexley*, 253 Ga. 125, supra, the Supreme Court allowed another Southwire employee to maintain a tort action against the same physician involved in the present action based on allegations of fraud and medical malpractice, holding that "where a professional co-employee is charged with fraud, deceit, and violation of professional trust, he may be held liable in tort for his wrongdoing to an injured co-employee." Id. at 125. The Supreme Court did not, however, suggest in that case that a tort action would be authorized against the employer, nor did it otherwise express any intention to abrogate the doctrine that workers' compensation provides the exclusive remedy against the employer to recover for an injury which is compensable under the Act. See *Synalloy v. Newton*, supra. Accordingly, we are constrained to hold that the claimant in the present case is not entitled to maintain a tort action against his employer.

*Judgment reversed. Carley, J., concurs. Benham, J., concurs specially.*

420

BENHAM, Judge, concurring specially.

While I concur in the opinion and judgment of the majority, I do so reluctantly, as I feel that this is yet another instance in which an employer's intentional tortious acts against its employee are unjustly protected by the Workers' Compensation Act. This court is powerless to rectify such wrongs perpetrated against innocent workers, and the perpetration of such wrongs will continue unabated as long as the statutory exclusivity feature of the Workers' Compensation Act remains unchanged. The current state of the law does nothing to discourage employers from acting in a manner that deleteriously affects their employees in this and other ways, and until the legislature takes some steps to modify the Act, I fear we will see these situations come before us time and time again. See, e.g., *McCormick v. Mark Heard Fuel Co.*, 183 Ga. App. 488 (359 SE2d 171) (1987).

DECIDED SEPTEMBER 18, 1987 —
REHEARING DENIED OCTOBER 2, 1987 — 

*James H. Bratton, Jr. Frederick G. Boynton, Edward H. Wasmuth, Jr.*, for appellant.
*Stephen E. Garner*, for appellee.
*Thomas W. Bennett, Kathryn M. Weigand*, amici curiae.