75326. NATIONAL DATA CORPORATION v. HOOPER.
(366 SE2d 189)

SOGNIER, Judge.

Michael Hooper brought suit against his employer, National Data Corporation, to recover damages for medical problems arising from the use of a telephone headset provided by the employer and used by Hooper in the course of his employment. National Data moved to dismiss the complaint on the basis that Hooper had previously filed a workers' compensation claim arising out of the same problems, and had entered into an agreement settling that claim, which agreement had been approved by the State Workers' Compensation Board. The trial court denied National Data's motion but certified its ruling for immediate review, and we granted this interlocutory appeal.

Appellant contends that both the workers' compensation law and the contractual settlement document provide for the exclusivity of the workers' compensation remedy, and prevent the assertion of appellee's claims here. We agree and reverse. It is axiomatic that "[t]he rights and the remedies granted to an employee by [OCGA Chapter 34-9] shall exclude all other rights and remedies of such employee." OCGA § 34-9-11. In addition, paragraph 8 of the settlement agreement provides that the agreement "is entered upon under the provi-

sions of the Georgia Workers' Compensation Act, and is intended to constitute a complete and final disposition of all claims on account of the incident, injury or injuries of December 10, 1984, upon approval of Georgia State Board of Workers' Compensation," which approval was subsequently obtained.

We find no merit in appellee's claim that while accepting compensation for his injuries which were idemnifiable under the act, he reserved the right to pursue a common law remedy against the employer for other conditions arising out of the same injury, such as tinnitus, tensor-tympany spasms, and pain and suffering, because these are not compensable under the act. That an injury is not *compensable* under the act does not necessarily mean it is not within the *purview* of the act. Thus, the fact that the act expressly provides that "there shall be no award for tinnitus," OCGA § 34-9-264 (b) (5), for example, does not mean that an employee may accept whatever benefits *are* available under the act, and then file suit against his employer to recover damages for tinnitus. "In exchange for the right to recover scheduled compensation without proof of negligence on the part of the employer in those cases in which a right of recovery is granted, the employee forgoes other rights and remedies which he might otherwise have had, but if he accepts the terms of the Act he as well as the employer is limited to those things for which the Act makes provision." *Nowell v. Stone Mountain Scenic R.*, 150 Ga. App. 325 (257 SE2d 344) (1979).

We are similarly unpersuaded by appellee's argument, based on the pre-amendment provisions of the act applicable to this case, that some of his conditions result from occupational diseases which were not listed in former OCGA § 34-9-280 and therefore, under the provisions of former OCGA § 34-9-289, he is entitled to pursue his common law remedy against the employer. First, appellee bases his argument on the final sentence of former § 34-9-289, which provided that "[a]n employee who suffers disability or death from any occupational disease not listed in Code Section 34-9-280 shall not be deprived of any common law rights under existing laws." However, "the quoted language is held over, unchanged from the time when all of the occupational diseases then recognized were identified by name, i.e., 'listed.'" *Synalloy Corp. v. Newton*, 254 Ga. 174, 175-6 (1) (326 SE2d 470) (1985). It is anomalous, in that OCGA § 34-9-280 contains a definition of the term "occupational disease," and it would therefore be impossible for an employee to suffer from an occupational disease not encompassed by OCGA § 34-9-280. We note that this anomaly has been corrected by the legislature in its 1987 amendment to OCGA § 34-9-289, which deleted the last sentence.

Second, former OCGA § 34-9-280 (3) defines "occupational diseases" as "those diseases listed in this paragraph, but only if any such

listed disease is due to causes and conditions which are characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease (excluding all ordinary diseases of life to which the general public is exposed)." This language "cannot be held to refer to the particular ailment of a named employee. . . . To the contrary, it is the 'character' of the disease which is controlling." *Synalloy Corp.*, supra at 176 (1). The record in the case sub judice reveals that the diseases suffered by appellee were ear infections, whose "character" is that they are not occupational diseases, but ordinary diseases of life to which the general public is exposed.

We note finally that appellee's reliance on *Berkeley Granite Corp. v. Covington*, 183 Ga. 801 (190 SE 8) (1937), is misplaced. In that case, the Supreme Court allowed the employee to pursue a common law remedy for silicosis. However, the workers' compensation statute at the time "excluded from workers' compensation coverage all diseases except those resulting from an accident. [Cit.] Accidents were covered, but diseases were not. The Code made no distinction between ordinary diseases and occupational diseases. All were excluded. There was a provision limiting an employee suffering from an 'accident' to the rights afforded under workers' compensation law. [Cit.] Those affected by diseases were left to whatever remedies might be available elsewhere." *Synalloy Corp.*, supra at 179, Gregory, J., dissenting. Such is no longer the case. Our statute provides coverage for both accident and disease and thus *Berkeley Granite* may no longer be relied on.

"When ruling on a motion to dismiss without a jury, the trial judge performs the function of determining the factual issue. [Cit.] [Her] determination as a trier of fact will be reversed only where the evidence demands a contrary finding." *Barrow v. Gen. Motors Corp.*, 172 Ga. App. 287, 288 (322 SE2d 900) (1984). In the case sub judice, both the law and the settlement agreement freely entered into by appellee provide that his exclusive remedy is under the workers' compensation law. The instant action is therefore barred, and the evidence demands a finding that the trial court erred by denying appellant's motion to dismiss.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 4, 1988 —
REHEARING DENIED FEBRUARY 18, 1988 — ▮▮▮▮▮▮▮

*John C. Grabbe IV*, for appellant.

*Joab L. Kunin, Harris R. Anthony*, for appellee.