## A90A0664. ERVIN et al. v. GREAT DANE TRAILERS, INC.
(393 SE2d 467)

BIRDSONG, Judge.

Appellants represent former employees of Great Dane Trailers, Inc., who have sued Great Dane in tort for their development of cancer allegedly as the result of exposure in their place of employment to the chemicals methylene chloride and "Fome Bond." The trial court dismissed their complaint, finding their sole and exclusive remedy to be in a claim under the Workers' Compensation Act.

On appeal, appellants argue that Great Dane was a general liability "self-insurer" and, as such, pursuant to OCGA § 34-9-11, is not immune to civil suit. Further, they contend Great Dane as a self-insurer is liable for having failed to maintain appropriate safety measures and policies, and that they are suing Great Dane in its "dual capacity" as a general liability insurer and an employer. Appellants cite in general, *Sims v. American Cas. Co.*, 131 Ga. App. 461, 474 (206 SE2d 121), affd. 232 Ga. 787 (209 SE2d 61). *Held:*

The parties argue extensively on appellant's point that Great Dane is a self-insurer for general liability purposes because its general liability insurance policy provides for a $250,000 "deductible" or reimbursement. We find, however, that even if Great Dane were deemed a self-insurer for general liability purposes, or is fully insured for general liability, the point is irrelevant because Great Dane bears no general civil liability for its employees for injury or occupational disease suffered in the course of employment.

It is well settled in this state that a claim under the workers' compensation act is the employee's sole and exclusive remedy for injury or occupational disease incurred *in the course of employment*. This edict is statutory (OCGA §§ 34-9-11 and 34-9-289), as well as judicial, and its policy reasons are well understood. See *United States v. Aretz*, 248 Ga. 19, 20 (280 SE2d 345); *Wright Assoc. v. Rieder*, 247 Ga. 496 (277 SE2d 41); *Karimi v. Crowley*, 172 Ga. App. 761, 763 (324 SE2d 583). If there was any doubt about the construction of § 34-9-289 as to occupational diseases (see *Synalloy Corp. v. Newton*, 254 Ga. 174, 177 (326 SE2d 470) (dissent)), the legislature subsequently in 1987 amended the statute to remove any equivocation, by deleting the prior reference to possible existence of any common law rights as to some occupational diseases. Ga. L. 1987, p. 1474, Sec. 6. See *National Data Corp. v. Hooper*, 185 Ga. App. 866 (366 SE2d 189).

We are not persuaded by appellants' citation of foreign cases involving *employees* who were injured in some "dual capacity" as, e.g., an employee injured in his employment in a hospital who then suffers malpractice while being treated as a patient in that hospital. Such cases are not necessarily inconsistent with the premise that the employer bears tort immunity for injuries received by the employee *in*

*the course of his employment*; appellants in this case were allegedly inflicted with disease not in some "dual capacity" but *in the course of their employment*. But, we find no rational basis to twist cases involving "dual capacity" of the employee to a principle of "dual capacity" of the *employer* as being both an employer and an entity insured for general liability to third persons. Such a twisted rationale would obliterate the workers' compensation law. The *Sims* case cited by appellant involves tort liability of a party other than the employer who undertook to perform inspections and invoke safety measures.

The trial court did not err in dismissing appellants' complaint and finding Great Dane immune to suit for civil liability.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 2, 1990.

*Clarence L. Martin*, for appellants.

*Hunter, MacLean, Exley & Dunn, Arnold Young, Douglas M. Muller*, for appellee.