A91A1712. BRYANT v. WAL-MART STORES, INC. et al.
(417 SE2d 688)

COOPER, Judge.

Appellant is the administrator of the estate of the deceased and the guardian of the deceased's minor child. Appellees are Wal-Mart Stores, Inc. ("Wal-Mart") and the manager of the store where the deceased worked. Appellant appeals from the trial court's grant of summary judgment to appellees. The primary issue presented is whether appellant's tort action is barred by the exclusive remedy provision of the Workers' Compensation Act.

The deceased worked at a Wal-Mart store on the night restocking crew. For security reasons, the manager of the store implemented a policy of locking all doors leading into and out of the store at the close of the business day. Only management personnel had keys to the store and no one in management worked on the night crew. Consequently, employees on the night crew were locked in the store until it opened the following day without a key to exit the building. While working one night, the deceased suffered a stroke and collapsed, unconscious. When the emergency medical personnel arrived, approximately six minutes later, they were unable to enter the store because no one on the night crew had a key to the door. By the time the emergency crew was able to assist the deceased, they were unable to revive her. The deceased was taken to the hospital where she was declared brain dead, and after 15 hours, the life support systems to which she was connected were discontinued. Subsequently, appellant filed an 11-count complaint against appellees, alleging among his theories of recovery the unlawful false imprisonment of the deceased. The trial court granted appellees' motion for summary judgment, finding that the deceased's injuries arose out of and in the course of her employment, and appellant's action was therefore barred by the exclusive remedy provision of the Workers' Compensation Act (hereinafter referred to as the "Act").

1. Appellant first asserts that the trial court erred in finding that his claim for false imprisonment was barred by the exclusivity provisions of the Workers' Compensation Act. "False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." OCGA § 51-7-20. "The restraint used to create the detention must be against the plaintiff's will and be accomplished by either force or fear. [Cit.]" *Wideman v. DeKalb County,* 200 Ga. App. 624 (1) (b) (409 SE2d 537)

(1991). " 'The restraint constituting a false imprisonment may arise out of words, acts, gestures or the like, which induce a reasonable apprehension that force will be used if plaintiff does not submit; and it is sufficient if they operate upon the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries.' [Cit.]" *Greenbaum v. Brooks*, 110 Ga. App. 661, 663 (1) (139 SE2d 432) (1964). Appellant contends that from the time the deceased became ill until the time the emergency personnel entered the store, the deceased was detained against her will. Appellees argue, and the record reflects, that the deceased was not detained by force or threat against her will and also that the deceased was fully aware of the risks associated with working on the night crew and being locked inside the store. The record shows that the deceased discussed the store's policy with her parents and expressed concern that she would not be able to get out of the store in the event of an emergency. Nevertheless, the deceased volunteered to work on the night crew. It does not appear that any act of force or restraint was taken by appellees which resulted in the deceased's fear of personal difficulty or personal injury. Accordingly, we conclude that appellant has failed to show an essential element of false imprisonment.

Even if appellant established a claim of false imprisonment, "[i]t is well settled in this state that a claim under the workers' compensation act is the employee's sole and exclusive remedy for injury or occupational disease incurred *in the course of employment.* This edict is statutory (OCGA §§ 34-9-11 and 34-9-289), as well as judicial, and its policy reasons are well understood. [Cits.]" *Ervin v. Great Dane Trailers*, 195 Ga. App. 317 (393 SE2d 467) (1990). The Act precludes recovery "for wilful or intentional acts of the employer so long as the injury arises out of and in the course of employment. [Cits.]" *Superb Carpet Mills v. Thomason*, 183 Ga. App. 554, 556 (359 SE2d 370) (1987). Even the employer's failure to furnish its employees with a safe place to work must be redressed under the Act. *McCormick v. Mark Heard Fuel Co.*, 183 Ga. App. 488 (2) (359 SE2d 171) (1987). It is undisputed that the deceased was locked in the store for business purposes, that she was engaged in the performance of her work duties at the time she suffered the stroke and that the emergency medical crew was unable to render immediate assistance to the deceased due to the delay in gaining entrance to the store. Therefore, insofar as appellant seeks to recover for the death of the deceased, that claim is barred by the exclusivity provisions of the Act.

Appellant contends however, that in certain counts of his complaint, he seeks to recover for injuries to the deceased's peace, happiness, and feelings and that these "nonphysical" injuries are not included within the definition of injury found in the Act. "According to the Georgia Act, the definition of 'injury' is identical and synonymous

with 'personal injury,' both terms meaning 'only injury by accident arising out of and in the course of the employment. . . .' OCGA § 34-9-1 (4)." *Superb Carpet Mills v. Thomason,* supra at 555. "That an injury is not *compensable* under the act does not necessarily mean it is not within the *purview* of the act. . . . 'In exchange for the right to recover scheduled compensation without proof of negligence on the part of the employer in those cases in which a right of recovery is granted, the employee forgoes other rights and remedies which he might otherwise have had, but if he accepts the terms of the Act he as well as the employer is limited to those things for which the act makes provision.' [Cit.]" *National Data Corp. v. Hooper,* 185 Ga. App. 866, 867 (366 SE2d 189) (1988). Appellant argues that the deceased's nonphysical injuries and subsequent death occurred due to the inability of the emergency medical personnel to render prompt medical attention. That injuries to the deceased's peace, happiness, and feelings may not be compensable under the Act does not take those injuries out of the purview of the Act. See *National Data Corp. v. Hooper,* supra. Accordingly, we hold that under the facts of this case, the Workers' Compensation Act provides the exclusive remedy and precludes appellant's common law tort action.

2. In his second enumeration of error, appellant contends that the trial court erred in holding that appellant's RICO claim was barred by the Workers' Compensation Act. OCGA § 16-14-4 (a) makes it "unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." OCGA § 16-4-6 (c) allows any person injured by reason of a violation of § 16-14-4 to bring a civil action and recover treble damages. Appellant contends that appellees violated the RICO statute by committing the criminal act of false imprisonment on at least two occasions for the purpose of pecuniary gain. Without determining whether appellant has sufficiently alleged a claim under the RICO statute, we find no support for appellant's argument that his RICO action is not barred by the Workers' Compensation Act. There is nothing in the language of the RICO statute which indicates that RICO was intended to supersede the exclusivity provisions of the Workers' Compensation Act. See *Tellis v. U. S. Fidelity &c. Co.,* 625 FSupp. 92, 95 (N. D. Ill. 1985). Furthermore, "[t]he Georgia Workers' Compensation Act makes no statutory exception to the exclusive remedy provision." *Pappas v. Hill-Staton Engineers,* 183 Ga. App. 258, 260 (358 SE2d 625) (1987). Thus, appellant's second enumeration is without merit.

3. Appellant next contends that appellees are estopped from asserting the exclusivity provision as a defense because they delayed filing a written report of the deceased's death until after appellant's

lawsuit had been filed and because appellant was told by appellees that no benefits were available for the deceased's death. Appellant's argument is without merit. The Supreme Court has held "that the intentional delay of workers' compensation payments does not give rise to an independent cause of action against the employer or its insurer where penalties for such delay are provided by the act." *Bright v. Nimmo*, 253 Ga. 378, 381 (320 SE2d 365) (1984). Therefore, since the Act provides a remedy for an employer's delay in paying benefits, we cannot conclude that appellees' actions estopped it from asserting the exclusive remedy provision as a defense.

4. In his final enumeration of error, appellant contends that the trial court erred in ruling on appellees' motion for summary judgment before appellees complied with appellant's discovery request. The record reflects that three days before the hearing on appellees' motion for summary judgment, appellant filed a motion to compel discovery. The record does not reveal any effort on the part of appellant to secure a ruling from the trial court on his motion to compel, nor does the record indicate that appellant objected to the trial court hearing the motion for summary judgment prior to ruling on the motion to compel. " 'It is axiomatic that at the appellate level " '(o)ne cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing.' " (Cit.)' [Cit.]" *Mitchell v. Wyatt*, 192 Ga. App. 127, 129 (1) (384 SE2d 227) (1989).

*Judgment affirmed. Birdsong, P. J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

I do not agree that we can hold, as a matter of law, that the facts alleged by plaintiff/appellant do not state a claim for false imprisonment. In this period of high unemployment and economic recession, we cannot say that an employee voluntarily chose to accept a job assignment by her employer simply because she did not decline the assignment. Even if the employee in this case voluntarily consented to the restriction on her liberty by being locked in the store on the evening in question, she surely withdrew her consent when it became vital for her to leave and obtain medical care after suffering a stroke. Neither do I agree that all claims for false imprisonment by an employee against an employer are compensable under the Workers' Compensation Act (the "Act") and therefore barred by the exclusive remedy provision. I agree, however, that the claim in this case is barred because the injury was essentially a physical injury, and not merely an injury to the employee's peace and happiness, and therefore is a claim which is subject to the exclusive remedy provision of the Act.

The Act includes the following definition: " 'Injury' or 'personal

injury' means only injury by accident arising out of and in the course of the employment . . . ." OCGA § 34-9-1 (4). To be compensable under the Act, the injury must be a physical injury or harm. *W. W. Fowler Oil Co. v. Hamby*, 192 Ga. App. 422 (4) (385 SE2d 106) (1989). But the injury in a false imprisonment claim is not physical, but is simply the deprivation of liberty. *Stewart v. Williams*, 243 Ga. 580 (1) (255 SE2d 699) (1979). Thus, to prevail on a false imprisonment claim, one does not have to show either physical or mental harm but only wrongful detention. For this reason, a number of jurisdictions has held that an employee is not barred from bringing a tort claim for false imprisonment against an employer. For example, in *Moore v. Federal Dept. Stores*, 190 NW2d 262, 264 (Mich. Ct. App. 1971), the Michigan appellate court said of that state's workers' compensation statute: "The Act has been interpreted to encompass physical and mental injuries which arise out of and in the course of one's employment. However, the gist of an action for false imprisonment is unlawful detention irrespective of any physical or mental harm." Consequently, in that case, which was brought by a store employee for false imprisonment when she was detained and interrogated concerning alleged theft, the court ruled that the claim did not involve the type of personal injury covered under the workers' compensation act and therefore was not barred by the exclusive remedy provision of the statute. In *Columbia Sussex Corp. v. Hay*, 627 SW2d 270, 279 (Ky. Ct. App. 1981), the Kentucky appellate court ruled: "Inasmuch as . . . false imprisonment can be established without a showing of actual damages, there is nothing for which the Workers' Compensation Act would compensate." See also *Le v. Federated Dept. Stores*, 560 A2d 42 (Md. Ct. Spec. App. 1989); *Redican v. K Mart Corp.*, 734 SW2d 864 (Mo. Ct. App. 1987).[1] I agree with the rationale of the decisions cited above that a claim for false imprisonment, when the only injury

---

[1] This court also has held that the Workers' Compensation Act does not bar a claim for false imprisonment by an employee against her employer. *Smith v. Rich's, Inc.*, 104 Ga. App. 883 (123 SE2d 316) (1961). In *Smith*, however, we based our holding on the ground that plaintiff's injuries did not arise out of an "accident," but were the result of the wilful and intentional acts of the agent of the employer. See also *Skelton v. W. T. Grant Co.*, 331 F2d 593 (5th Cir. 1964). As the majority points out in Division 1, the courts of this state have subsequently ruled that the Act precludes recovery in tort for the wilful and intentional acts of the employer so long as the injury is otherwise compensable. Even though the rationale employed in the *Smith* opinion is no longer accepted, the holding is still correct and is supported by the superior rationale that the injury is simply not compensable under the act. See D. Meade Feild, Workmen's Compensation, 14 Mercer L. Rev. 244, 261 (1962).

I also note that in *Greenbaum v. Brooks*, 110 Ga. App. 661 (139 SE2d 432) (1964), decided subsequent to the *Smith* decision, this court affirmed a jury award of damages in tort to an employee who sued his employer for false imprisonment without addressing the issue of the workers' compensation bar. In a more recent case, *Bi-Lo, Inc. v. McConnell*, 199 Ga. App. 154 (404 SE2d 327) (1991), this court permitted an employee to recover from his employer for a similar tort involving non-physical injury, malicious prosecution.

is a non-physical one, is not compensable under the Act and therefore not barred by the exclusive remedy provision of the Act.

Each of these cases, however, involved only a claim for wrongful detention, a non-physical injury. Professor Larson notes the problem inherent in the factual situation of the case at hand, where there is a claim for false imprisonment but where the essence of the injury is compensable, physical harm. "If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a make-weight, the suit should not be barred. But if the essence of the action is recovery for physical injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort." 2A Larson, The Law of Workmen's Compensation, § 68.34 (a), at 13-117 (1990). See also id. at § 68.31.

The claim in the case at hand involves physical injury and death as well as false imprisonment. On appeal, plaintiff makes an admirable argument that at least that part of the claim which relates only to the allegation of false imprisonment should not be barred by the Act. The claim for false imprisonment, however, is inextricably linked to the claim for physical injury and death. In this case, the damages from the alleged false imprisonment are not only the detention, itself, but the exacerbation of the employee's physical condition as a result of being denied the opportunity to seek medical attention during that period in which she was wrongfully detained. This physical injury is a compensable claim and thus any recovery for her injury cannot be split between a tort action and a workers' compensation action. That the injury is essentially one which is compensable under the Act would also bar plaintiff's RICO claim. For this reason, I agree that the judgment of the trial court must be affirmed.

DECIDED MARCH 16, 1992 —
RECONSIDERATION DENIED APRIL 3, 1992 — 

*Oldfield & Wilson, James O. Wilson, Jr., Carmel W. Sanders,* for appellant.
*McLain & Merritt, Howard M. Lessinger,* for appellees.