A93A2226. KENNEDY v. PINELAND STATE BANK.
(439 SE2d 106)

McMURRAY, Presiding Judge.

Joyce Ann Kennedy brought an action against her former employer Pineland State Bank ("the bank"), alleging a member of the bank's board of directors, William L. Lanier, sexually assaulted her at work while she was assisting Lanier in the bank's vault. The bank denied the material allegations of the complaint and filed a motion to dismiss or for summary judgment, arguing Kennedy's action is barred by the exclusive remedy provision of the Workers' Compensation Act, OCGA § 34-9-11. The trial court agreed and granted the bank's motion on this basis.[1] This appeal followed. *Held:*

Workers' compensation is the exclusive remedy for injuries arising out of and in the course of employment. OCGA § 34-9-11; *Mur-*

---

[1] Christy Calhoun is a party to the complaint, joining Kennedy in an action against William L. Lanier in his individual capacity for alleged sexual assault. These claims remain pending in the trial court.

*phy v. ARA Svcs.*, 164 Ga. App. 859, 860 (298 SE2d 528). However, an injury compensable under the Workers' Compensation Act "shall not include injury caused by the willful act of a third person directed against an employee for reasons personal to such employee. . . ." OCGA § 34-9-1 (4).

An injury caused by the wilful act of a third person is personal to the injured employee if the injury cannot fairly be traced to the employment as a contributing proximate cause and the injury comes from a hazard which the employee would have been equally exposed apart from the employment. *Murphy v. ARA Svcs.*, 164 Ga. App. 859, 862, supra. In the case sub judice, there is no question that Kennedy (as other members of society) was equally exposed to the hazard of sexual assault apart from her employment at the bank. However, Kennedy's employment at the bank exposed her to the presence of Lanier and to Lanier's alleged deviant sexual propensities. Nonetheless, "[w]e refuse to say that the risk of . . . physical abuse of a sexual nature alleged by [Kennedy] belongs to or is in any way connected with what [Kennedy] had to do in fulfilling her responsibilities of employment. . . ." *Murphy v. ARA Svcs.*, 164 Ga. App. 859, 862, supra. Consequently, Kennedy's claims against the bank are not covered by Workers' Compensation and the trial court erred in granting the bank's motion to dismiss or for summary judgment based on the exclusive remedy provision of the Workers' Compensation Act, OCGA § 34-9-11. See *Lindsey v. Winn Dixie Stores*, 186 Ga. App. 867 (368 SE2d 813).

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED DECEMBER 14, 1993.

*Franklin, Taulbee, Rushing & Bunce, Elizabeth F. Bunce*, for appellant.

*Fletcher Farrington, Brown & Livingston, Charles H. Brown, Ford & Harrison, Patricia G. Griffith, Callaway, Neville & Brinson, William J. Neville, Jr.*, for appellee.

