A96A0958. ZAYTZEFF et al. v. SAFETY-KLEEN CORPORATION.
(473 SE2d 565)

BIRDSONG, Presiding Judge.

This is an appeal by appellants Gregory M. Zaytzeff and Sue Yang Zaytzeff from an order of the state court granting summary judgment in favor of appellee Safety-Kleen Corporation.

Appellant Gregory Zaytzeff (appellant) brought suit for damages sustained from injuries he received arising out of and in the course of his employment with appellee; appellant Sue Zaytzeff (appellant wife) sued as a co-plaintiff for loss of consortium. Appellant alleges that he was injured while cleaning up a toxic chemical spill for appellee without being issued either a respirator or protective clothing, other than gloves. Two members of management who were not wearing protective clothing or respirators also were present; one of these managers was performing the same task of scooping chemical-soaked dirt into metal barrels that appellant was performing.

Appellant initially filed a workers' compensation claim and the parties stipulated as to the jurisdiction of the State Board of Workers' Compensation, venue, coverage, general employment, and appellant's average wage; the primary issues of injury by accident arising out of and in the course of employment, notice, and disability were litigated before the ALJ. The ALJ conducted a hearing and found that appellant "has failed to show by a preponderance of the evidence that he suffered an injury by accident arising out of and in the course of his employment, or that he suffered an occupational disease as a result of his exposure to the perchloroethylene . . . the [appellant] has failed to sufficiently demonstrate that his various symptoms were caused by his exposure to the chemical." The ALJ further held that "while I find the evidence establishes that [appellant's] psychological problems are related to the exposure incident, I find that

these psychological problems are not compensable because . . . [appellant] has failed to show a physical injury resulting from the exposure. . . . Further, psychological problems cannot stand alone as an occupational disease. OCGA § 34-9-280." The ALJ entered an order denying all of appellant's claims; this award was not appealed within 20 days.

Subsequently appellants filed a complaint in state court; the appellees moved for summary judgment asserting that suit was barred by the exclusive remedy provisions of OCGA § 34-9-11, and that the ruling of the ALJ was now res judicata as to all issues concerned in the employee's claims against the employer. *Held:*

1. The applicable summary judgment standard is that of *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474). Moreover, unsupported assertions of fact contained in the briefs of parties but not supported by evidence of record cannot be considered in the appellate process. *Behar v. Aero Med Intl.,* 185 Ga. App. 845, 846 (1) (366 SE2d 223). While the ALJ's opinion is in the appellate record, only selected excerpts from the depositions of the appellants and no transcript of the hearing before the ALJ has been forwarded on appeal; neither are the medical reports of the various doctors in the appellate record. Failure to transmit to this Court a record containing all relevant evidence pertaining to an appeal is a dangerous appellate practice. See generally *Malin Trucking v. Progressive Cas. Ins. Co.,* 212 Ga. App. 273 (1) (441 SE2d 684); *Nodvin v. West,* 197 Ga. App. 92, 97 (3) (c) (397 SE2d 581). The order granting summary judgment expressly reflects that the trial court considered inter alia "the pleadings, motion, testimony and all other matters of record" in determining to grant appellee's motion for summary judgment. Thus, the material paucity of the appellate record before us alone could justify our affirmance of the trial court's judgment. *Malin,* supra; *Nodvin,* supra.

2. OCGA § 34-9-11 (a) provides that, although the rights and remedies granted to an employee under the Workers' Compensation Act shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death, the employee is not deprived of his right to bring an action against a third-party tortfeasor; however, the Act makes it clear that an employee cannot bring an action against a third-party tortfeasor who is an employee of the same employer. OCGA § 34-9-11 (a); see *Weller v. Brown,* 266 Ga. 130 (464 SE2d 805). "The exclusion includes all rights and remedies of the employee on account of the injury, even including those for which the Act does not provide, such as pain and suffering or disfigurement." Hiers and Potter, Ga. Workers' Compensation — Law and Practice (2nd ed.), § 8-2.

The record reveals that appellant initially filed a workers' compensation claim for physical injuries arising out of and in the course of employment and for certain psychological injuries arising from the physical injuries sustained while cleaning up the toxic chemicals. "Workers' compensation is the exclusive remedy for injuries arising out of and in the course of employment. OCGA § 34-9-11." *Kennedy v. Pineland State Bank*, 211 Ga. App. 375 (439 SE2d 106). However, "[a]lthough a claim comes within the coverage of the Act, it does not follow that it is always compensable." *Synalloy Corp. v. Newton*, 254 Ga. 174, 175 (326 SE2d 470) (occupational disease claim was within coverage of the Act, and thus the Act was the exclusive remedy even though the claim was not compensable thereunder). That an injury is not compensable under the Act does not necessarily mean it is not within the purview of the Act for purposes of the exclusivity provisions. *Johnson v. Hames Contracting*, 208 Ga. App. 664, 668 (4) (c) (431 SE2d 455). Thus, merely because the ALJ concluded that appellant had failed to show by a preponderance of the evidence that he suffered an injury by accident arising out of and in the course of his employment, or that he suffered an occupational disease as a result of his exposure to perchloroethylene, does not provide any exception to the exclusive remedy provisions of the Act.

Examination of the record also reveals that no genuine issue of material fact exists regarding any fraud committed by appellee upon appellant. *Griggs v. All-Steel Bldgs.*, 209 Ga. App. 253 (433 SE2d 89), involving the intentional tort of fraud, is distinguishable from this case and is not controlling. Nevertheless, appellant asserts that his claims of intentional tort are not barred by the Act. Although not directly in point, we find the precedent of *Wall v. Phillips*, 210 Ga. App. 490 (436 SE2d 517), under the circumstances here attendant, to be both persuasive and controlling. This Court held in *Wall* that "[u]nder OCGA § 34-9-11 (a), 'the Georgia Workers' Compensation Act is now the exclusive remedy for injuries sustained by an employee during the course of employment resulting from the negligence of a co-worker.' [Cit.] This bar also applies to intentional torts committed by one worker against a co-worker, unless the tortious act was committed for personal reasons unrelated to the conduct of the employer's business." Id. at 491; OCGA § 34-9-1 (4); compare *Johnson*, supra at 667-668 (4) (a) and (c). Examination of the record reveals there exists no genuine issue of material fact that appellee and its managing employees committed any tortious act whatsoever against appellant for personal reasons unrelated to the conduct of appellee's business. To the contrary, the only viable evidence before us on appeal is that the conduct of appellee's agent in directing appellant to assist management in cleaning up the spill without a respirator or protective clothing (other than gloves) being issued to

him, directly related to appellee's business. *Murphy v. ARA Svcs.*, 164 Ga. App. 859 (298 SE2d 528), where the supervisor caused a wilful act for personal reasons (sexually molesting and abusing the employee), is distinguishable from this case and not controlling.

In *McCormick v. Mark Heard Fuel Co.*, 183 Ga. App. 488 (2) (359 SE2d 171), this Court applied the well-established rule that "even if an employer's wilful failure to furnish a safe workplace for his employees results in an injury to those employees, their only recourse is under the Workers' Compensation Act." There exists no legal basis compelling us to depart from this sage general rule in view of the posture of the record before us on appeal.

Appellant contends, however, that his averred claims for psychological injuries are not within the exclusivity provisions of the Act. The ALJ considered appellant's claims for compensation due to "psychological problems" and, citing *W. W. Fowler Oil Co. v. Hamby*, 192 Ga. App. 422 (385 SE2d 106), concluded that while these problems are related to the exposure incident, they are not compensable under the Act because appellant had failed to show a physical injury resulting from the exposure.

The partial deposition testimony of appellant reflects that appellant was unaware, due to his recent arrival on the job and being in trainee status at the time, that there was any danger associated with the cleanup. It was a week to a week and a half after the incident before appellant realized that the physical symptoms he was experiencing were not related to the flu. Any evidence offered, without reasonable explanation, by appellant to contradict this testimony would be subject to the rule regarding contradictory evidence in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). No genuine evidence of material fact exists that at the time of the cleanup incident appellant was directly subjected to any psychological trauma either with or without an accompanying physical injury or other impact. Rather any psychological trauma suffered by appellant, as a matter of law in view of the posture of the record before us, would have to result from his recognition of his subsequent symptoms of physical injury.

*George v. Southwire Co.*, 217 Ga. App. 586 (458 SE2d 362), aff'd, *Southwire Co. v. George*, 266 Ga. 739 (470 SE2d 865), and *Oliver v. Wal-Mart Stores*, 209 Ga. App. 703 (434 SE2d 500) are distinguishable factually from this case and are not controlling.

Even assuming without deciding that the strict guidelines of *Hanson Buick v. Chatham*, 163 Ga. App. 127 (292 SE2d 428) could be applied to this claim, the Act would remain the exclusive means of relief for appellant. Compare *Howard v. Superior Contractors*, 180 Ga. App. 68 (348 SE2d 563) (post-traumatic stress syndrome resulting from a 225-foot fall from a tower at Three Mile Island). In any

event, the claim for psychological injuries in this case is "inextricably linked" to appellant's workers' compensation claim for physical injury or occupational disease. *Bryant v. Wal-Mart Stores*, 203 Ga. App. 770, 775 (417 SE2d 688) (Pope, J., concurring specially). Merely because the ALJ concluded appellant's claims for "psychological problems" were not compensable does not insulate such claims from exclusivity provisions of the act. *Synalloy Corp.*, supra at 175; *Johnson*, supra at 668.

3. As the exclusivity provisions of the Workers' Compensation Act barred all of appellant's averred claims, likewise appellant wife's consortium claim was barred. "Here, [appellant] husband has no tort claim against his employer because he is covered by the Act, and [appellant] wife has no claim for loss of consortium, which is derivative from his right. Her property right could only vest if his cause of action be vested, which, of course, it is not." *Henderson v. Hercules, Inc.*, 253 Ga. 685, 686 (324 SE2d 453); *Mann v. Workman*, 181 Ga. App. 211, 213 (3) (351 SE2d 680).

In view of the above holdings, we need not address appellant's assertion that "the trial court erred in finding that the decision of the State Board of Workers' Compensation was res judicata as to all issues presented in this case."

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 28, 1996.

*Stefano A. Didio*, for appellants.
*Bovis, Kyle & Burch, Charles M. Medlin*, for appellee.