## A97A0434. BOULWARE v. QUIKTRIP CORPORATION.
(486 SE2d 662)

BLACKBURN, Judge.

Trudee L. Boulware appeals the trial court's grant of Quiktrip Corporation's motion for summary judgment in her action for psychological damages arising from a robbery at the Quiktrip store where she worked.

On November 26, 1992, while Boulware was working alone as an assistant manager at a Quiktrip store, three or four armed robbers entered the store, pointed sawed-off shotguns at Boulware and robbed the store. Boulware contends she has suffered severe emotional injuries after the robbery. Boulware deposed that she received a bruise on her back during the robbery when the robbers pushed her around. In addition to her claims of negligence, Boulware alleges in her complaint, the following: "After the armed robbery, [she] requested that she be moved to another position which would allow her to work without the fear of being the victim of another armed robbery. This request was denied and [Boulware] then requested that she be allowed to work on days so that she could work with less fear. The only solution offered by [Quiktrip] was for [Boulware] to take a cut in pay to a clerk's position, which she could not afford to do and support her minor child. Due to [Quiktrip's] failure to respond to [Boulware's] emotional trauma due to the armed robbery, [Boulware] was forced to resign."

Quiktrip contends that Boulware's action is barred by the exclusivity provision of the Workers' Compensation Act. See OCGA § 34-9-11 (a). As this is an issue of law we review it de novo. See *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874 (1) (392 SE2d 535) (1990).

Workers' compensation is the exclusive remedy for injuries arising out of and in the course of employment. OCGA § 34-9-11. "The words 'arising out of' mean that there must be some causal connection between the conditions under which the employee worked and the injury which she received. The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant. The injuries, however, need not arise from something peculiar to the employment but the injury is compensable if after the event it is apparent to the rational mind that there is a causal connection between the conditions under which the employment was performed and the resulting injury." (Punctuation omitted.) *Macy's South v. Clark*, 215 Ga. App. 661, 662-663 (1) (452 SE2d 530) (1994). Furthermore, "[t]he legislature has expressly codified its intent that the Act be liberally construed to bring both employers and employees within the act. [OCGA § 34-9-23.]" *Doss v. Food Lion*, 267 Ga. 312 (1) (477 SE2d 577) (1996).

In her complaint, Boulware alleges that she has suffered severe emotional injuries proximately resulting from Quiktrip's negligence in failing to provide a safe place to work and in failing to allow her to change positions within the company. By her own allegations, Boulware's injuries arose out of and in the course of her employment. Boulware alleges a causal connection between the work she was required to perform and her injuries. Furthermore, "In *McCormick v. Mark Heard Fuel Co.*, 183 Ga. App. 488 (2) (359 SE2d 171) [(1987)], this Court applied the well-established rule that 'even if an employer's wilful failure to furnish a safe workplace for his employees results in an injury to those employees, their only recourse is under the Workers' Compensation Act.' There exists no legal basis compelling us to depart from this sage general rule." *Zaytzeff v. Safety-Kleen Corp.*, 222 Ga. App. 48, 51 (473 SE2d 565) (1996). Therefore, Boulware's injuries fall within the purview of the Act, and her remedy, if any, lies exclusively under the provision of the Act. See *Maxwell v. Hosp. Auth. of Dade, Walker &c.*, 202 Ga. App. 92, 95 (413 SE2d 205) (1991).

Whether Boulware's injuries are compensable under the Act is not before us, and the answer to that issue is not dispositive of whether this action falls within the Act's exclusivity provision. "That an injury is not *compensable* under the act does not necessarily mean it is not within the *purview* of the act. . . . In exchange for the right to recover scheduled compensation without proof of negligence on the part of the employer in those cases in which a right of recovery is granted, the employee forgoes other rights and remedies which he might otherwise have had, but if he accepts the terms of the Act he as well as the employer is limited to those things for which the Act makes provision." (Punctuation omitted.) *Nat. Data Corp. v. Hooper*, 185 Ga. App. 866, 867 (366 SE2d 189) (1988).

Our decision in *Oliver v. Wal-Mart Stores*, 209 Ga. App. 703 (434 SE2d 500) (1993) is distinguishable from the present case. In *Oliver*, the employer accused the employee of stealing, and the employee sued for slander and intentional infliction of emotional distress. The employer's actions therein were intentional torts and they cannot be considered an "accident arising out of and in the course of employment." OCGA § 34-9-1 (4). Intentional torts are not covered by the Act. See *Griggs v. All-Steel Bldgs.*, 209 Ga. App. 253, 255 (433 SE2d 89) (1993) (action for fraud not covered by the Workers' Compensation Act).

Boulware argues that Quiktrip is estopped from asserting the exclusivity provision of the Act because it controverted her claim which she filed under the Act. However, as stated above, "although a claim comes within the coverage of the Act, it does not follow that it is always compensable." (Punctuation omitted.) *Zaytzeff*, supra at 50.

Therefore, Quiktrip was within its rights to controvert Boulware's claim, and Boulware's actions in abandoning her workers' compensation claim and pursuing the present action do not support an estoppel argument.

Based on the foregoing, the present case is barred by the exclusivity provision of the Workers' Compensation Act and summary judgment was appropriate.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MAY 9, 1997. Before Judge Wyatt Cummings Moore.

*McKinney & Salo, Jan McKinney*, for appellant.

*Sullivan, Hall., Booth & Smith, Roger S. Sumrall, Heather R. Clark*, for appellee.