Phyllis **PRITCHETT**

v.

**GENERAL MOTORS CORPORATION.**

**Civ. No. Y–86–965.**

United States District Court,
D. Maryland.

Dec. 30, 1986.

Alan Hilliard Legum, Susanne K. Henley, Annapolis, Md., and Judith G. Eagle, Rockville, Md., for plaintiff.

Robert B. Barnhouse, and Deborah T. Garren, Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff Phyllis Pritchett originally filed this complaint against the General Motors Company ("GM"), alleging that GM discriminated against her in violation of Title VII, 42 U.S.C. 2000e et seq., when it denied her disability benefits for pregnancy related illness. She later amended the complaint, naming as a defendant Art H. Panayis, P.A., the physician who examined her at GM's request, and adding a broadside of claims based on federal and state statutes as well as state tort and contract law. In addition to the pregnancy discrimination claim, she now claims that GM failed to promote her and has taken retaliatory action against her in violation of Title VII, has discriminated against her in violation of Art. 49B, Md.Code Ann., and is liable with Panayis for fraud, negligent misrepresentation, and breach of contract.

Pritchett failed to serve Panayis with the amended complaint, and he will be dismissed without prejudice under Local Rule 33(b) unless sufficient cause for failure to obtain service is shown within thirty days of the date of entry of this Memorandum and Order.

General Motors has moved to dismiss paragraphs 28–40 of Pritchett's amended complaint as impermissibly vague and ambiguous under Rule 8(a)(2), Fed.R.Civ.P., and also seeks dismissal of the claims for promotion discrimination and retaliation as well as the pendent state claims. GM apparently concedes that paragraphs 7–25 of Pritchett's amended complaint state a claim for pregnancy discrimination and cannot properly be dismissed. However, it has

sought dismissal of virtually every other claim alleged in the complaint.

### PARAGRAPHS 26 AND 27

Paragraphs 26 and 27 of the amended complaint read:

26. Defendant GMC assigned Plaintiff Pritchett to perform census-taking activities for an extended period in an area subject to lead contamination.

27. Plaintiff Pritchett performed those duties, though GMC's own written guidelines specify that no female of child-bearing years is to perform duties in areas subject to lead contamination.

■ GMC has moved to strike these paragraphs under Rule 12(f), Fed.R.Civ.P., as impertinent or immaterial matter. Pritchett replies that they are probative of pregnancy discrimination and relevant to her pendent contract claim, which will be addressed below. At most, the paragraphs allege violations of GM policies and ill treatment of Pritchett during her pregnancy. They are irrelevant to her claim of discriminatory denial of disability benefits and state no basis for a contract claim. Accordingly, they will be stricken from the complaint under Rule 12(f).

### FRAUD AND NEGLIGENCE

Paragraphs 28–33 of Pritchett's complaint purport to state claims for fraud and negligence. While the paragraphs are worded imprecisely, they will be taken to allege that Panayis, as GM's agent or employee, committed fraud or negligent misrepresentation in denying Pritchett disability benefits. Paragraph 32 reads in part:

32. Defendant Panayis either fraudulently or negligently made the egregiously erroneous finding that Mrs. Pritchett was not disabled. Defendant made this representation without careful regard for its truth or falsity. His intention was to enable GMC to deny benefits to the Plaintiff, thus defrauding her; Defendant Panayis made this representation out of Mrs. Pritchett's hearings [sic] in a way calculated to cause GMC and Mrs. Pritchett to rely thereon....

■ Pritchett's attempt to cast her pregnancy discrimination in terms of fraud and negligent misrepresentation indicates a fundamental misunderstanding of the elements of those torts. Those elements are set out in *Martens Chevrolet v. Seney*, 292 Md. 328, at 333 and 337, 439 A.2d 534, at 537 and 539 (1982).[1] Both torts require that the plaintiff act in reliance on a false statement made by the defendant. Here, Pritchett cannot be said to have acted on Dr. Panayis' finding that she was not disabled, or to have relied on a statement allegedly made out of her hearing. Pritchett contends that she was improperly denied benefits because of Dr. Panayis' incorrect finding of no disability, but the appropriate remedy for such a denial is not in tort action but under contract law.

Paragraphs 35 and 36 allege, in conclusory fashion, that "[d]efendants participated wilfully and maliciously in a conspiracy to

---

1. In *Martens*, the Maryland Court of Appeals summarized the elements of the tort of deceit, or fraud:

To entitle the plaintiff to recover it must be shown: (1) that the representation made is false; (2) that its falsity was either known to the speaker, or the misrepresentation was made with such a reckless indifference to truth as to be equivale . to actual knowledge; (3) that it was made for the purpose of defrauding the person claiming to be injured thereby; (4) that such person not only relied upon the misrepresentation, but had a right to rely upon it in the full belief of its truth, and that he would not have done the thing from which the injury resulted had not such misrepresentation been made; and (5) that he actually suffered damage directly resulting from such fraudulent misrepresentation.

*Id.* at 333. It also summarized the elements of negligent misrepresentation:

(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;
(2) the defendant intends that his statement will be acted upon by the plaintiff;
(3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;
(4) the plaintiff, justifiably, takes action in reliance on the statement; and
(5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*Id.* at 337.

deny benefits to Mrs. Pritchett" and that "GMC has knowingly participated with Defendant Panayis in returning a report of no disability...." These paragraphs appear to pertain to Pritchett's tort claims, but they add nothing. Accordingly, Pritchett's claims for fraud and negligent misrepresentation will be dismissed.

## ARTICLE 49B, MARYLAND CODE

■ Amid her tort claims, Pritchett alleges in paragraph 34 that GM's denial of benefits is violative of Article 49B, Md. Code Ann. Article 49B prohibits discrimination in public accommodations, employment, and housing and sets out procedures by which complaints of discrimination may be made to the state Human Relations Commission. The article makes no provision for a private right of action to enforce its prohibitions of discrimination. Pritchett's claim under Article 49B therefore will be dismissed.

## PROMOTION DISCRIMINATION

Pritchett alleges in paragraph 37, under the heading of 42 U.S.C. § 1982[2] and § 2000e, *et seq.*, that:

> 37. Defendant GMC has also discriminated against Plaintiff in promoting white and male individuals with the same or lesser qualifications sooner and to higher levels than Plaintiff.

Assuming that such a conclusory statement alleges sufficient facts to state a claim, this claim must be dismissed because Pritchett failed to file any charges of promotion discrimination with the Equal Employment Opportunity Commission as required by 42 U.S.C. § 2000e-5, § 706 of Title VII.

■ To satisfy the jurisdictional prerequisites for a federal employment discrimination claim, a plaintiff must: (1) file timely charges of employment discrimination with the EEOC and (2) receive and act upon the EEOC's statutory notice of the right to sue, 42 U.S.C. § 2000e-5(a) and 2000e-5(e)

and (f). *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798 (1972). Plaintiff Pritchett did file charges with the EEOC alleging pregnancy discrimination, and attached a copy of her charge numbered 033 85 1866 and the corresponding notice from the EEOC of her right to sue. The charge reads, in pertinent part:

> III. I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, on the basis of my sex, Female with respect to pregnancy, benefits and terms and conditions of employment for the following reasons.
> A. In February, 1985, I learned of my pregnancy and developed cellulitis which required me to be absent from work.
> B. On March 8, 1985, I submitted a memorandum to the HRM Committee requesting a personal leave of absence due to my pregnancy.
> C. On March 14, 1985, my Doctor recommended that I be placed on bed rest and not to return to work. Since that time I have submitted documentation from my Doctors, been examined by the IMO Doctor, and became ill while on the job.

■ The Fourth Circuit has held that an EEOC charge, "enlarged only by such EEOC investigation as reasonably proceeds therefrom, fixed the scope of the charging party's subsequent right to institute a civil suit. The suit filed may encompass only the 'discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge' ". *King v. Seaboard Coastline Railroad Co.,* 538 F.2d 581, 583 (4th Cir.1976), quoting *Equal Employment Opportunity Commission v. General Electric,* 532 F.2d 359, 365 (4th Cir.1976). While an unsophisticated Title VII litigant should not be limited to the precise wording found in her original charge, she may not litigate allegations of discrimination which are neither stated in

**2.** Pritchett concedes that her citation of 42 U.S.C. § 1982 as a basis for her claims of promotion discrimination and retaliation was in-

correct, and has stipulated that Title VII is the only proper basis for these claims.

the original charge nor investigated by the EEOC, nor file an across-the-board attack premised on a reasonable, but limited, investigation of a well-defined discrimination charge. *Hubbard v. Rubbermaid,* 436 F.Supp. 1184 (D.Md.1977).

Pritchett's EEOC charge alleges only pregnancy discrimination. It charges discrimination with regard to sex, "Female with respect to pregnancy, benefits and terms and conditions of employment...." Each of the three reasons given for the charge refer to Pritchett's pregnancy, and no mention is made of discrimination in promotions.

In response to GM's motion to dismiss this claim, Pritchett contends that the phrase "terms and conditions of employment" brings within the scope of the EEOC charge promotion discrimination and "far more," because it is "vastly inclusive." Obviously, to allow litigants to expand an EEOC charge to include virtually any type of discrimination simply by including the phrase "terms and conditions of employment" would frustrate Title VII's policy that plaintiffs should not have an unrestrained ability to litigate allegations of discrimination which are neither contained in the EEOC charge nor investigated by the EEOC. As the *Hubbard* court held, "[w]ithout limitations, the importance of the EEOC conciliatory procedures would be diminished and employers would be denied the opportunity to resolve disputes by EEOC settlement rather than by litigation." *Hubbard,* 436 F.Supp. 1189.

■ Pritchett's contention that her promotion discrimination claim fits "neatly within the ambit of her EEOC charge" is undermined by the fact that the first allegation of promotion discrimination was contained in the amended complaint, filed June 23, 1986, more than a year after she filed her EEOC charge and nearly three months after she filed her original complaint. Because she failed to file a charge for promotion discrimination with the EEOC, that claim in the amended complaint will be dismissed.

## RETALIATION

In paragraph 38 of her amended complaint, Pritchett alleges that "Defendant GMC has also preliminarily indicated that it will not allow Plaintiff Pritchett to return to a position at the end of her maternity leave" and contends that this action is in retaliation for the filing of this lawsuit. Obviously, retaliation would be actionable under Title VII, but plaintiff has again failed to meet the statutory prerequisites by filing a proper EEOC charge and receiving notice of her right to sue. Apparently, Pritchett filed a second EEOC charge numbered 033 86 2346 on July 17, 1986, after she filed her amended complaint, alleging that retaliatory action had been taken against her as a result of her previous EEOC charge. However, Pritchett has failed to submit a copy of her notice of right to sue on that charge. Instead, she argues that she need not even file a separate charge of retaliation before including a separate retaliation claim in her suit in this Court, relying on case law from other jurisdictions. *See, e.g., Gupta v. East Texas State University,* 654 F.2d 411 (5th Cir. 1981). *But see Aronberg v. Walters,* 755 F.2d 1114 (4th Cir.1985) (Reserving decision on *Gupta.*)

■ However, a plaintiff's failure to comply with administrative requirements serves as a bar to a private Title VII action. In *Bickley v. University of Maryland,* 527 F.Supp. 174, 177–79 (D.Md.1981), the court held that the plaintiff's failure to file her retaliation charge within the 180 day limit set out in the statute barred her from asserting it in a civil action. While that case concerned a failure to file a timely charge, rather than an attempt to file a civil complaint without receiving notice of the right to sue, this Court will not lightly waive Title VII's requirements. Accordingly, Pritchett's retaliation claim will be dismissed without prejudice. Should she receive notice of her right to sue on the retaliation charge, the Court will consider at that time a motion to amend her complaint to include a claim of retaliation.

004E

## CONTRACT CLAIMS

Pritchett alleges pendent contract claims under paragraph 40, which reads:

> 40. Defendant GMC has violated the contractual rights of Plaintiff Pritchett in such ways as denying her benefits, including disability benefits, to which she was contractually titled, for a period of over five months.

While it is plausible that Pritchett may have a contract claim based on GM's denial of disability benefits, she has failed to allege what GM's contractual obligations were and how they are breached. Plaintiff has moved to dismiss this claim, citing Maryland cases that require more than "skeletal factual allegations accompanied by nothing more than mere conclusions and general averments of a breach of contractual duty." *Continental Masonry Co., Inc. v. Verdel Construction Co., Inc.,* 279 Md. 476, 481, 369 A.2d 566, 569 (1977). Even under the relatively liberal federal Rule 8(a)(2), Fed.R.Civ.P., plaintiff's allegation of her contract claim is inadequate. It will be dismissed without prejudice, and this Court will consider a motion to amend the complaint by adequately stating the grounds for the contract claim.

## COMPENSATION AND PUNITIVE DAMAGES

Plaintiff seeks compensation and punitive damages pursuant to her pendent state claims and General Motors has moved to dismiss her claim for those damages. Because the state claims have been dismissed, GM's motion is now moot.

### ORDER

In accordance with the attached Memorandum, it is this 30th day of December, 1986, by the United States District Court for the District of Maryland, ORDERED:

1. That defendant Art H. Panayis, P.A., BE, and the same IS, hereby DISMISSED without prejudice pursuant to Local Rule 33;

2. That defendant General Motors Corporation's motion to strike paragraphs 26 and 27 BE, and the same IS, hereby GRANTED;

3. That defendant General Motors Corporation's motion to dismiss plaintiff's claims for fraud and negligence BE, and the same IS, hereby GRANTED;

4. That defendant General Motors Corporation's motion to dismiss plaintiff's claims under Article 49B of the Maryland Code BE, and the same IS, hereby GRANTED;

5. That defendant General Motors Corporation's motion to dismiss plaintiff's claims alleging promotion discrimination under 42 U.S.C. 2000e BE, and the same IS, hereby GRANTED;

6. That defendant General Motors Corporation's motion to dismiss plaintiff's claims alleging retaliation under 42 U.S.C. 2000e BE, and the same ARE, hereby GRANTED without prejudice to plaintiff's right to move to amend her complaint;

7. That defendant General Motors Corporation's motion to dismiss plaintiff's claim for breach of contract BE, and the same IS, hereby GRANTED without prejudice to plaintiff's right to amend her complaint;

8. That defendant General Motors Corporation's motion to dismiss plaintiff's claims for punitive and compensatory damages is MOOT; and

9. That a copy of this Memorandum and Order be mailed to the parties.