560 A.2d 42

**Thach LE**

v.

**FEDERATED DEPARTMENT STORES, INC.**
**t/a Bloomingdale's.**

**No. 1667, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

July 3, 1989.
Certiorari Granted Nov. 28, 1989.

No appearance by appellant's counsel (Court submitted case on brief).

Thomas B. Morrison (Francis X. Quinn, John A. Rego and Anderson & Quinn, on the brief) Rockville, for appellee.

Argued before GILBERT, C.J., and GARRITY and BLOOM, JJ.

GILBERT, Chief Judge.

Do non-physical tortious acts committed against a person by a fellow employee fall within the ambit of the Workers' Compensation Act so as to preclude direct suit against the employer? The Circuit Court for Montgomery County, in response to that question, granted summary judgment in favor of the employer, Federated Department Stores, Inc. t/a Bloomingdale's. For the reasons hereafter stated, we are of an entirely different point of view and reverse that judgment.

Suzanne Spahr, the security director at Bloomingdale's White Flint, Maryland store, recovered a stolen calculator from an attache case belonging to Thach Le, a Bloomingdale's salesperson. Immediately thereafter, Le, allegedly as a result of coercion, signed a statement admitting to the theft. Le's employment with the store was promptly terminated. Le then sued Bloomingdale's for false arrest, defamation, and intentional infliction of emotional distress. There was no claim for any physical injuries.

Bloomingdale's asserted that the Workers' Compensation Act precluded Le from bringing the suit against it for any tortious acts that occurred during his employment. Bloomingdale's maintained that Le could seek redress only through the Worker's Compensation Act.

The circuit court, relying on this Court's holdings in *Schatz v. York Steak House Sys.*, 51 Md.App. 494, 444 A.2d 1045 (1982), and *Continental Cas. Co. v. Mirabile*, 52 Md.App. 387, 449 A.2d 1176 (1982), agreed that the Act barred a tort action against Bloomingdale's. We think the circuit court misconstrued those cases. Unlike the instant case, *Schatz* and *Mirabile* involved physical and psychological injuries for which compensation is provided under the

Act.[1]

"Aside from the exceptions" created by the Workers' Compensation Act itself, "the operation of the law is exclusive of all other remedy and liability, as to both employer and employee who come within" its purview. *Knoche v. Cox,* 282 Md. 447, 453, 385 A.2d 1179 (1978). Section 15 of the Act directs that benefits are payable for disability or death "resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment." "Injury," "personal injury," "accidental injury," and "accidental personal injury" are defined by the statute as "accidental injuries arising out of and in the course of employment." Md.Ann.Code art. 101, § 67.

The Court of Appeals, in interpreting the term "accidental injury," has held that, insofar as the Workers' Compensation Law is concerned, "accidental injury" means *physical injury* to the person caused by some unusual condition or occurrence in the employment. *Baltimore & Ohio R.R. Co. v. Zapf,* 192 Md. 403, 410, 64 A.2d 139 (1948); *Foble v. Knefely,* 176 Md. 474, 486–87, 6 A.2d 48 (1939); *White v. Safe Dep. & Trust Co.,* 140 Md. 593, 599, 118 A. 77 (1922).

A "compensable injury may be found whenever an accidental physiological change is found to have arisen out of and in the course of employment." R. Gilbert & R. Humphreys, Jr., *Maryland Workers' Compensation Handbook* § 5.2 (1988); *Sargent v. Board of Educ., Balto. Co.,* 49 Md.App. 577, 433 A.2d 1209 (1981). Workers' compensation benefits are not payable without proof of a personal injury. R. Gilbert & R. Humphreys, *supra* at 85. Ergo, "the absence of a physiological change or physical harm or damage should preclude a finding that an injury occurred." *Id.*

---

1. *Schatz v. York Steak House Sys.* was an action for injuries to an employee who was raped while at work. *Continental Cas. Co. v. Mirabile* involved a claim stemming from an assault and battery upon an employee while he was at work. Undoubtedly both cases involved physical injury to the claimant.

Neither the Court of Appeals nor this Court has heretofore addressed the question of whether non-physical injury torts are within the ambit of the Act, but courts in other jurisdictions have held that tort actions are not barred by Workers' Compensation Acts when the essence of the injury is non-physical. *See e.g. McGee v. McNally,* 119 Cal.App.3d 891, 174 Cal.Rptr. 253 (1981); *Vigil v. Safeway Stores, Inc.,* 555 F.Supp. 1049 (Dist.Ct.Colo.1983); *Hogan v. Forsyth Country Club Co.,* 79 N.C.App. 483, 340 S.E.2d 116 (1986). All three of those foreign cases cite Professor Larson's exhaustive treatise, *The Law of Workmen's Compensation, 2A,* § 68.34(a), as authority for their holding. Larson there comments:

> "If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recovery for physical injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort."

Larson further remarks:

> "[O]rdinarily these torts would not come within the basic coverage formula of the typical workmen's compensation act: 'personal injury by accident arising out of and in the course of employment.' But the matter is complicated by the fact that occasionally a tort of this type will become intertwined with a compensable injury in some way...."

*Id.* at § 68.30.

We think it clear that before the Workers' Compensation Act may serve as a barrier to an employee's civil suit for the intentional torts of a supervisory employee, the complainant must have sustained a physical or mental injury. The matters alleged by Le did not involve physical injuries or a disabling mental condition. Le merely complained that Ms. Spahr detained him in Bloomingdale's security office against his will, coerced him into signing a confession, and that he was "led crying through the ... store." Under the facts as pleaded, Le did not sustain an "accidental injury"

within the meaning of the Workers' Compensation Act. Md.Ann.Code art. 101. Therefore, the Act has no application.

When the Workers' Compensation Act does not provide a remedy to the employee, a civil tort action is not barred. Le has alleged causes of action that are not compensable under the Compensation Act but which, if proven, will allow recovery in a civil action.

The quiddity of false arrest, defamation, and intentional infliction of emotional distress is non-physical. Those torts are ordinarily outside the scope of the Workers' Compensation Act. Since they are not within the Act, the statute does not protect the employer from actions grounded on those particular torts. We conclude, therefore, that the circuit court erred in granting summary judgment in favor of Bloomingdale's.

JUDGMENT REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEE.