**Karen L. MAXEY**

v.

**M.H.M. INCORPORATED, et al.**

**Civ. No. JFM–92–2050.**

United States District Court, D. Maryland.

Aug. 2, 1993.

Stuart L. Allison, Bel Air, MD, for plaintiff.

Russell H. Gardner, Piper and Marbury, Baltimore, MD, Michael L. Banks, Philadelphia, PA, Joseph M. Guida, Aberdeen, MD, for defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff Karen L. Maxey has brought this action against her former employers, M.H.M. Incorporated, and the Chesapeake Hotel Corporation, alleging that she was subject to a sexually hostile work environment.[1] She asserts a claim under the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, (1988 & 1991 Supp. III) and a common law claim for negligent supervision of the employee who is said to have harassed her. M.H.M. has moved for summary judgment.

### I.

M.H.M. managed the Howard Johnson and Holiday Inn hotels in Aberdeen, Maryland from February 19, 1991 to October 1, 1991. During that period M.H.M. employed Maxey in the maintenance department. One of her co-workers, Mike Duff, who was also employed by M.H.M., allegedly made vulgar and otherwise offensive comments to her. Chesapeake Hotel took over management of the hotels from M.H.M. after October 1, 1991, and promoted Duff to a supervisory position.

According to plaintiff, both when she was employed by M.H.M. and Chesapeake Hotel, she complained to Duff's supervisors about his offensive conduct but they did nothing about it. When Chesapeake Hotel failed to take the corrective measures which plaintiff believed were appropriate, she felt compelled to leave her employment.[2]

### II.

Plaintiff has never filed a charge against M.H.M. with the Equal Employment Opportunity Commission ("EEOC"). Such a filing is required before bringing a judicial action for a Title VII violation. *See* 42 U.S.C. § 2000e–5(f)(1) (1988); *Mickel v. South Carolina State Employment Service,* 377 F.2d 239, 242 (4th Cir.), *cert. denied,* 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967); *Pritchett v. General Motors Corp.,* 650 F.Supp. 758, 761 (D.Md.1986). Accordingly, M.H.M. is entitled to summary judgment as to plaintiff's Title VII claim.[3]

M.H.M. argues that plaintiff's negligent supervision claim is preempted both by the Maryland Workers' Compensation Act ("WCA"), Md. Labor & Employment Code Ann. § 9–101 *et seq.* (1991 Repl.Vol.) and by the Maryland Human Relations Act ("MHRA") Md.Code Ann. art. 49B (1991 Repl.Vol.). Maryland law is unsettled as to whether a claim for sexual harassment (at least one not involving physical touching) is covered by the WCA. In *Le v. Federated Department Stores,* 80 Md.App. 89, 560 A.2d 42 (1989), the Maryland Court of Special Appeals held that a non-physical tortious act committed against a person by a fellow employee does not fall within the ambit of the WCA. The Maryland Court of Appeals affirmed the decision of the Court of Special Appeals. However, it did so on the ground that the injury alleged by Le resulted from

---

1. Plaintiff has also named as a defendant, Blacksmith Corporation, which is affiliated with Chesapeake Hotel.

2. Plaintiff asserts a claim for wrongful discharge against Chesapeake Hotel and Blacksmith in connection with the termination of her employment. That claim, however, is not asserted against M.H.M. and is not relevant to the issues addressed in this memorandum.

3. Plaintiff did eventually file a charge with the EEOC against Blacksmith Corporation. M.H.M. alternatively argues that assuming *arguendo* that this charge was a sufficient basis for now suing M.H.M. as well as Blacksmith, the charge was untimely. I need not decide this question in light of the fact that plaintiff's failure to name M.H.M. as a respondent before the EEOC bars plaintiff's claim against M.H.M.

the deliberate intention of his employer and that Le could therefore institute a common law tort action under Section 44 of the WCA, Md. Labor & Employment Code Ann. § 9–509(d) (1989 Repl.Vol.), Code Ann. even if the wrong of which he complained was covered by the WCA.[4]  In light of the uncertain state of Maryland law on this issue and in light of the fact that I find plaintiff's claim to be preempted by the MHRA, I will not decide whether or not plaintiff's claim is preempted by the WCA.

Both sides agree that the Court of Appeals' decision in *Watson v. Peoples Security Life Ins. Co.,* 322 Md. 467, 588 A.2d 760 (1991), is the pivot upon which the MHRA issue turns.  There, the Court of Appeals held that a plaintiff cannot bring a common law action for abusive discharge where her employment is terminated allegedly in retaliation for having filed a charge of sexual discrimination.

Plaintiff points out that in *Watson* the Court of Appeals did not have before it a negligent supervision claim.[5]  Plaintiff further correctly posits that the tort of abusive discharge is different from other torts in that it requires as one of its elements that the employer have violated a clear mandate of public policy which is not otherwise remediable.  *See, e.g., Chappell v. Southern Maryland Hosp., Inc.,* 320 Md. 483, 578 A.2d 766 (1990); *Makovi v. Sherwin–Williams Co.,* 316 Md. 603, 561 A.2d 179 (1989).  Negligence, in contrast, is (according to plaintiff) an independent tort which is actionable in its own right, whether or not other remedies for the same wrong may exist.  Thus, plaintiff argues, if a reasonable person would supervise her employees to prevent sexual harassment and if a particular employer fails to do

so, she may be found liable for having been negligent.

The fallacy in plaintiff's argument is that "reasonableness" within the meaning of tort law is not a floating concept but is itself rooted in public policy.  The specific public policy involved here—prohibiting sexual harassment—is entirely a creature of statute except to the extent that it is manifested by other actionable wrongful conduct, e.g. assault and battery.  Any doubt on this score is erased by the broad statement of the Court of Appeals in *Watson* that "the source of the policy against hostile environment sexual discrimination is statutory, and exclusively statutory."  588 A.2d at 766.  Thus, respect for the legislature and its enactments requires that the rights of a victim of non-physical sexual harassment be limited by the remedies which the legislature has provided in the MHRA.  Those remedies include the requirement that a plaintiff pursue an administrative claim against her employer before instituting an action in court.  *See* Md.Code Ann. art. 49B § 9A (1992 Cum.Supp.); *Maryland–Nat'l Capital Park & Planning Comm'n v. Crawford,* 307 Md. 1, 511 A.2d 1079, 1091 n. 10 (1986).  Therefore, plaintiff's failure here to file any such claim against M.H.M. is fatal to her claim against it.

A separate order granting M.H.M.'s motion is being entered herewith.

## ORDER

For the reasons stated in the memorandum being entered herewith, it is, this 2nd day of August 1993

ORDERED that

---

4.  M.H.M. argues that since Duff was not in any kind of supervisory position when he and plaintiff were employed by M.H.M., it cannot be said that the injury which he allegedly caused to plaintiff resulted from the deliberate intention of M.H.M.  Although in its opinion in *Federated Stores* the Court of Appeals relaxed the alter ego test which the Court of Special Appeals had previously enunciated in defining the scope of Section 44 of the WCA, *see, e.g., Continental Cas. Co. v. Mirabile,* 52 Md.App. 387, 449 A.2d 1176, 1182, *cert. denied,* 294 Md. 652 (1982), I agree with M.H.M.'s assertion.  Certainly, the act of

every co-worker cannot be attributable to the employer.  However, resolution of that question is not dispositive here since if the commission of non-physical torts by co-workers is not covered by the WCA at all, the WCA necessarily does not preempt common law actions for the commission of those torts.

5.  The plaintiff in *Watson* had asserted such a claim but it had been resolved against her on causation grounds at trial.  No appeal on that point apparently was taken.

1. The motion for summary judgment filed by M.H.M., Incorporated, is granted; and

2. Judgment is entered in favor of M.H.M. against plaintiff.