Kim JOHNSON

v.

STATE OF MARYLAND, et al.

Civil No. Y–95–2756.

United States District Court,
D. Maryland.

Oct. 10, 1996.

---

Alan E. Harris, Baltimore, MD, for Plaintiff.

Michael O. Doyle, Lisa K. Hoffman, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

This suit results from the termination of Kim Johnson from his employment as a Cor-

rectional Officer at the Maryland House of Correction. Johnson alleges he was terminated and otherwise discriminated against in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12112, because he suffers from Charcot–Marie–Tooth disease.[1] The Defendants, the State of Maryland and various officials at the Maryland House of Corrections and the State Department of Public Safety and Correctional Services ("DPSCS"), have moved for summary judgment.

## I. FACTS

Johnson initially filed administrative charges of discrimination with the Maryland Commission on Human Relations ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") on May 11, 1993 and November 17, 1993, alleging discrimination in promotion, evaluation of his work, discipline, and retaliation for filing charges.

On May 13, 1994, DPSCS forwarded Charges and Specifications for the Removal of Johnson to the State Department of Personnel based on his inability to obtain certification in the use of firearms. In January 1995, a two-day hearing was held before an Administrative Law Judge ("ALJ") at which Johnson was present and represented by counsel. The ALJ concluded Johnson was not a "qualified individual with a disability" under the ADA and cause existed for his removal. The Department of Personnel adopted the findings of the ALJ and terminated Johnson's employment on May 10, 1995. The decision of the Department of Personnel was affirmed in the Circuit Court for Baltimore City. *Johnson v. Secretary of Personnel*, No. 95132011/CL196784 (Md.Cir. Ct. Jan. 4, 1996). An appeal of that decision

is pending in the Maryland Court of Special Appeals. *Johnson v. Secretary of Personnel*, No. 397 (Md.Ct.Spec.App. filed Aug. 9, 1996).

At Johnson's request, the EEOC issued a Notice of Right to Sue on June 16, 1995 without making any determination as to whether probable cause existed to support the two administrative charges of discrimination Johnson filed in 1993. Johnson initiated the present suit on September 15, 1995.

## II. DISCUSSION

### A. Defendants' Jurisdictional Challenge

■ As a prerequisite to bringing a federal action for employment discrimination, a plaintiff must file administrative charges of employment discrimination naming the defendants with the EEOC or authorized state agency, such as MCHR, within 180 days of the date the claim accrued. 42 U.S.C. § 2000e–5(e)–(f); *Mickel v. South Carolina State Employment Serv.*, 377 F.2d 239, 242 (4th Cir.), *cert. denied*, 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967); *Maxey v. M.H.M., Inc.*, 828 F.Supp. 376, 377 (D.Md. 1993).

#### 1. Naming Requirement

■ The seven named officials at the Maryland House of Corrections and DPSCS [2] have moved to dismiss Johnson's claims as they relate to them on the grounds that the officials were not named as respondents in either of the two administrative charges Johnson filed with the EEOC.

■ As a general rule, a civil action for employment discrimination may only be brought against the party named in the original administrative charges filed with the EEOC. *See Alvarado v. Board of Trustees*

---

1. Charcot–Marie–Tooth disease, also known as peroneal muscular atrophy, is a neuromuscular disorder involving wasting of the more distal extremities with the legs usually afflicted before the arms. *Stedman's Medical Dictionary* 166 (26th ed. 1995). Plaintiff alleges Charcot–Marie–Tooth disease "causes him to walk with a flapping gate or limp and for him to have tremors of his upper extremities." (Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ.J. at 1).

2. The seven individually named Defendants are: William L. Smith in his capacity as Warden of

the Maryland House of Correction, Ronald Hutchinson in his capacity as Assistant Warden of the Maryland House of Correction, Hollis Thompson in his capacity as EEOC Coordinator for the Maryland House of Correction, Terenda Thomas in her capacity as Personnel Officer of the Maryland House of Correction, Donald Williams in his capacity as a Shift Commander of the Maryland House of Correction, Richard Lanham in his capacity as Commissioner of Corrections of DPSCS, and Bishop L. Robinson in his capacity as Secretary of DPSCS.

*of Montgomery Community College,* 848 F.2d 457, 458 (4th Cir.1988); *Afande v. National Lutheran Home for the Aged,* 868 F.Supp. 795, 800 (D.Md.1994), *aff'd by unpublished opinion,* 69 F.3d 532 (4th Cir. 1995). The naming requirement serves dual purposes: "First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law." *Alvarado,* 848 F.2d at 458–59.

In the present suit, Johnson admits that the officials were not named in the administrative charges but contends that they are proper parties as agents of DPSCS which was named in the administrative charges. It is unnecessary, however, to decide the agency issue because Johnson sued the officials only in their official capacities[3] to obtain monetary and injunctive relief from DPSCS. Accordingly, having failed to comply with the ADA's naming requirement, the claims against the seven individually named Defendants must be dismissed.

### 2. *Scope of Civil Action*

■ The scope of a civil action in federal court for employment discrimination is limited to the administrative investigation that could "reasonably be expected to follow" from the administrative charges of discrimination. *Chisholm v. United States Postal Serv.,* 665 F.2d 482, 491 (4th Cir.1981). Courts, however, do not rigidly limit a plaintiff to the precise words of the administrative charges.

When faced with the question of the proper scope of a Title VII complaint, a court must balance two competing statutory policies. The first is that Title VII is a broad remedial statute designed to protect those who are the least able to protect themselves. An individual who files a discrimi-

nation charge seldom has the assistance of counsel and is not expected to articulate the entire range of allegedly discriminatory practices of which he feels he is a victim. . . . The second policy is that Title VII plaintiffs should not have an unrestrained ability to litigate allegations of discrimination which are neither contained in the EEOC charge nor investigated by the EEOC, thereby frustrating the statutory scheme of informal persuasion and voluntary compliance.

*Hubbard v. Rubbermaid, Inc.,* 436 F.Supp. 1184, 1188–89 (D.Md.1977) (citations omitted), *cited in Pritchett v. General Motors Corp.,* 650 F.Supp. 758, 761–62 (D.Md.1986) *and Afande v. National Lutheran Home for the Aged,* 868 F.Supp. 795, 800 (D.Md.1994), *aff'd by unpublished opinion,* 69 F.3d 532 (4th Cir.1995).

■ Johnson filed two administrative charges alleging collectively discrimination in promotion, evaluation of his work, discipline, and retaliation for filing charges, but was not terminated until almost a year and a half after he filed his second administrative charge with the EEOC, and no subsequent administrative charges were filed with respect to his termination. Defendants have moved to dismiss Johnson's claims regarding his termination, arguing that by not filing administrative charges with respect to his termination he did not exhaust his administrative remedies.

Johnson counters that his termination was "the natural outgrowth of being given unsatisfactory performance ratings" and thus is properly before the Court. However, the "natural outgrowth" test, absent any citation to supporting authority, is unpersuasive. To allow a plaintiff to challenge his termination in a civil action based on administrative charges related to his performance evalua-

---

**3.** The Court assumes that in using the term "representative capacity," Johnson is attempting the sue the Defendants in their official capacities and not in their individual capacities. Accordingly, the Court need not address the issue of whether the ADA provides for individual liability. *Compare Mason v. Stallings,* 82 F.3d 1007 (11th Cir. 1996) (finding no individual liability under ADA); *EEOC v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276 (7th Cir.1995) (same); *with Paroline v. Uni-*

*sys Corp.,* 879 F.2d 100 (4th Cir.1989) (holding a supervisor who exercises significant control over conditions of employment may be personally liable under an analogous provision of Title VII), *aff'd in pertinent part,* 900 F.2d 27 (4th Cir.1990) (en banc); *Jones v. Continental Corp.,* 789 F.2d 1225 (6th Cir.1986) (holding employer can be liable under Title VII); *Iacampo v. Hasbro,* 929 F.Supp. 562 (D.R.I 1996) (ruling ADA provides for individual liability).

tions, which were part of his first administrative charges filed nearly two years before his termination, shifts the balance too far in favor of the plaintiff. *See Hicks v. Baltimore Gas & Elec. Co.,* 829 F.Supp. 791, 794 (D.Md. 1992) (holding that court lacked jurisdiction over termination and retaliation claims because administrative charges were limited to differential treatment in referral for fitness for duty exam, four-day suspension, and alleged lack of overtime assignments), *aff'd by unpublished opinion,* 998 F.2d 1009 (4th Cir. 1993), *cert. denied,* 510 U.S. 1059, 114 S.Ct. 726, 126 L.Ed.2d 690 (1994); *Pritchett,* 650 F.Supp. at 761–62 (dismissing plaintiff's claims of promotion discrimination and retaliation for failure to comply with administrative requirements because EEOC charges made only a general reference to terms and conditions of employment in relation to denial of disability benefits).

Because Johnson failed to file administrative charges challenging the termination of his employment, the claims challenging his termination as a Correctional Officer at the Maryland House of Correction must be dismissed.[4]

B. *Defendants' Motion for Summary Judgment*

Summary judgment is proper when it is "show[n] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The mere existence of a scintilla of evidence in support of Plaintiff's case will be insufficient to defeat a motion for summary judgment; there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

The ADA prohibits discrimination in employment against a qualified individual on the basis of a disability. 42 U.S.C. § 12112. To establish a violation of the ADA, Johnson must show (1) he has a disability; (2) he is otherwise qualified for the job; and (3) he was discriminated against solely on the basis of his disability. *Doe v. University of Maryland Medical Sys. Corp.,* 50 F.3d 1261, 1264–65 (4th Cir.1995); *Tyndall v. National Educ. Ctr.,* 31 F.3d 209, 212 (4th Cir.1994); *Champ v. Baltimore County,* 884 F.Supp. 991, 995 (D.Md.1995), *aff'd by unpublished opinion,* 91 F.3d 129 (4th Cir.1996).

■ Applying the above test to the present case with all justifiable inferences drawn in favor of Johnson, the Court concludes that Johnson has failed to offer sufficient evidence on which a jury could find a violation of the ADA. First, the ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Johnson indicates that Charcot–Marie–Tooth disease causes him to walk with a limp, and walking is considered a major life activity under the ADA. 29 C.F.R. § 1613.702(c). Drawing all justifiable inferences in Johnson's favor, the Court finds that Johnson's walking with a limp constitutes a substantial limitation of a major life activity and thus a disability under the ADA for purposes of the Motion for Summary Judgment. *See Carmi v. Metropolitan St. Louis Sewer Dist.,* 471 F.Supp. 119, 121 (E.D.Mo.1979) (holding that Plaintiff who suffered from Charcot–Marie–Tooth disease was a handicapped individual within an analogous provision of the Rehabilitation Act, but was not otherwise qualified), *aff'd,* 620 F.2d 672, *cert. denied,* 449 U.S. 892, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980).

■ Second, to be "otherwise qualified" within the ADA Johnson must be able to meet all of DPSCS's job requirements with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Southeastern Community College v. Davis,* 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979). Thus, the Court must consider whether Johnson can perform the essential functions of his job

4. Even if it is assumed that the termination charges are reasonably expected to follow from the administrative charges Johnson filed, summary judgment would be appropriate for the reasons discussed in Part B of the Opinion.

without accommodation; and, if he cannot, whether any reasonable accommodations by DPSCS would enable him to perform these functions. *Tyndall,* 31 F.3d at 213.

DPSCS maintains that an essential function of a Correctional Officer is the ability to attain certification in the use of firearms. Johnson does not allege that he can attain certification in the use of firearms. Instead, he argues that proficiency in the use of firearms is not an essential function of the position of Correctional Officer and that a reasonable accommodation would be to limit his duties to posts that he claims do not require the use of firearms.

Under the ADA, an employer must make reasonable accommodation to an otherwise qualified individual unless the employer can show that the accommodation would impose an undue hardship on the operation of the business. 42 U.S.C. § 12112(b)(5)(A); *School Bd. of Nassau County v. Arline,* 480 U.S. 273, 287 n. 17, 107 S.Ct. 1123, 1131, 94 L.Ed.2d 307 (1987). Moreover, a person is not otherwise qualified if the disability poses a direct threat to the health or safety of others. 42 U.S.C. § 12113(a)–(b); *Doe,* 50 F.3d at 1264–65.

■ Although an accommodation may include "job restructuring," 42 U.S.C. § 12111(9)(B), an accommodation is unreasonable if it requires elimination of an essential duty. *Hall v. United States Postal Serv.,* 857 F.2d 1073, 1078 (6th Cir.1988). DPSCS maintains that all Correctional Officers must be proficient in the use of firearms because in emergencies all correctional officers must be able to assume positions that may require the use of firearms. Furthermore, Johnson's inability to use a firearm to help control the prison population poses a direct threat to the safety of other Correctional Officers and the public at large. *See Champ,* 884 F.Supp. at 995 (holding that police officer whose disability prevented him from making forcible arrests posed a threat to safety that could not be accommodated through assignment to a non-patrol position). Therefore, the Court concludes that the limited duty accommodation suggested by Johnson is not reasonable under the circumstances and no genuine issue of fact exists as to Johnson's allegation

that he could perform the essential functions of a Correctional Officer.

Finally, even if Johnson were a qualified individual with a disability, he has failed to produce evidence sufficient for a jury to conclude that the Defendants discriminated against him solely on the basis of his disability.

Accordingly, the Defendants' Motion for Summary Judgment will be granted, because Johnson has failed to show that there is evidence on which a jury could reasonably conclude that he was an otherwise qualified individual with a disability who was discriminated against solely on the basis of his disability in promotion, evaluation of his work, discipline, retaliation for filing charges, or termination.

## ORDER

In accordance with the attached Memorandum Opinion, it is this 10th day of October, 1996, by the United States District Court for the District of Maryland, ORDERED:

1. That the claims against the seven individually named Defendants BE, and the same ARE, hereby DISMISSED; and

2. That the claims challenging termination as a Correctional Officer BE, and the same ARE, hereby DISMISSED; and

3. That Defendants' Motion for Summary Judgment BE, and the same is, hereby GRANTED; and

4. That a copy of this Memorandum Opinion and Order be mailed to counsel for the parties.