**Holly E. HART**

v.

**HARBOR COURT ASSOCIATES, et al.**

**No. Civ. L–98–3709.**

United States District Court,
D. Maryland.

April 27, 1999.

David E. Schreiber, Bethesda, MD, for plaintiff.

Francis R. Laws, Richard P. Rieman, Jr., Baltimore, MD, for defendants.

*MEMORANDUM*

LEGG, District Judge.

Plaintiff, Holly Hart, filed this sexual harassment action against: i) her former employer, Harbor Court Associates, t/a Harbor Court Hotel ("Harbor Court"); ii) Werner Kunz, the General Manager of Harbor Court; and iii) her former supervi-

1. Hart's state law claims include: i) sexual harassment in violation of the Annotated Code of Maryland, Article 49B, §§ 14 *et. seq.;*

sor, Yves Behrens. Hart alleges hostile work environment and retaliation in violation of Title VII, as well as several state law claims.[1] Before the Court is the defendants' Motion to Dismiss. Because the parties have thoroughly briefed the issues, the Court dispenses with the need for a hearing. *See* Local Rule 105.6 (D.Md. 1997). For the following reasons, the Court shall, by separate Order, GRANT IN PART and DENY IN PART the defendants' Motion.

**I. Background**

Hart began working for Harbor Court in June 1994. She was employed as the manager of Brighton's, a restaurant located within and operated by Harbor Court. (*See* Compl. at § 7). At Brighton's, defendant Behrens was Hart's immediate supervisor.

According to Hart, in the fall of 1995, Behrens "began a persistent severe and pervasive pattern of verbal discussions and abuses aimed at having the PLAINTIFF engage in a sexual relationship with him." (*Id.* at § 8A). Among other things, Hart claims Behrens called her at home, asked her personal questions, and urged her to have a sexual affair with him. (*See id.*). Consequently, Hart alleges, false rumors of their sexual involvement circulated around the workplace. (*See id.*).

Hart asserts that she reported Behrens' actions on numerous occasions to numerous people, including defendant Kunz. (*See id.* at § 8B). Her complaints, however, were allegedly disregarded, enabling Behrens' inappropriate behavior to continue for a period of years. (*See id.*).

Hart alleges that her rejection of Behrens' advances and reporting of his actions prompted him to withhold "financial remuneration appropriate for her work performance" and to try to have her "reprimanded, suspended and/or fired." (*Id.* at § 8C).

ii) negligent supervision; and iii) wrongful discharge.

In February 1997, Behrens left Harbor Court, supposedly for family reasons. (*See id.* at §§ 8D, 35). In March 1997, Hart was terminated, allegedly for "her refusal to engage in sexual activity with Defendant, BEHRENS, and for her protected action of complaining about the discrimination against her as well as the hostile work environment created by the Defendants." (*Id.* at ¶ 25).

In June 1997, Hart filed a complaint with the EEOC. (*See id.* at ¶ 11). She received her "Right to Sue" letter on August 8, 1998 and filed the present action on November 4, 1998. (*See id.* at ¶ 13).

## II. Legal Standard[2]

Ordinarily, a Complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46 (1957); *Labram v. Havel,* 43 F.3d 918, 920 (4th Cir.1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421–22 (1969).

## IV. Discussion

### A. Counts I and III: Title VII

Counts I and III both allege hostile work environment and retaliation, against all defendants, in violation of Title VII of the Civil Rights Act of 1964.[3] *See* 42 U.S.C. § 2000e, *et seq.*

The defendants first argue that Hart has pled insufficient facts to support a claim for sexual harassment under Title VII. Hart has alleged that her immediate supervisor persistently asked her to have sexual intercourse with him, called her at home against her wishes, and asked her unwelcome personal questions. She alleges that despite her unwavering rejection of these advances and her repeated complaints, Behrens continued this pattern of harassment while Harbor Court's upper management did nothing. According to Hart, she was ultimately fired in retaliation for rebuffing and complaining about Behrens' behavior. The Court finds that these allegations, if substantiated and developed, could support a viable claim for hostile work environment and retaliation.

Second, the defendants contend that individuals cannot be held liable pursuant to Title VII. The Fourth Circuit recently held that "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Service,* 159 F.3d 177, 180 (4th Cir.1998). Because Hart seeks to hold the individual defendants liable in their capacities as supervisors, this Court must dismiss Kunz and Behrens as defendants in Counts I and III.

### B. Count II: Md.Code Ann., Art. 49B, § 7

In Count II, Hart charges all defendants with sexual discrimination and retaliation in violation of Md.Code Ann. Art. 49B, § 7. Although Maryland law prohibits sexual harassment, it does not provide for a private right of action. *See Maryland Commission on Human Rela-*

---

**2.** In her Opposition to the Motion to Dismiss, Hart included a more detailed statement of the facts of the case. The defendants suggest that by so doing, she converted the Motion to Dismiss into a Motion for Summary Judgment. The Court, however, does not believe that the parties have submitted all materials relevant to a Motion for Summary Judgment. Because the Court can and will resolve the Motion without considering matters outside of the pleadings, it will treat the instant motion as one to dismiss.

**3.** Because these counts are duplicative, the Court will, by separate order, direct the plaintiff to amend her complaint to clearly allege one count of hostile work environment and one count of retaliation.

*tions v. Downey Communications,* 110 Md.App. 493, 540, 678 A.2d 55, 79 (1996): *Childers v. Chesapeake and Potomac Telephone Co.,* 881 F.2d 1259, 1265 (4th Cir. 1989); *Pritchett v. General Motors Corp.,* 650 F.Supp. 758, 761 (D.Md.1986). Rather, a plaintiff's sole remedy under the statute is to institute proceedings before the Maryland Human Relations Commission. *See e.g. Pritchett,* 650 F.Supp. at 761. Accordingly, the Court will dismiss Count II.

### C. Count IV: Negligent Supervision

■ Count IV of the Complaint alleges that Harbor Court and Kunz are liable for their negligent supervision of Behrens. This Court has repeatedly held, however, that "Title VII may not form the predicate for claims of negligent retention and supervision." *Demby v. Preston Trucking Co.,* 961 F.Supp. 873, 881 (D.Md.1997). *See also Jones v. Filderman,* Civil No. 97–4234, at 9 (December 16, 1997); *Keppen v. Denny's,* Civil No. 97–1948, at 3–4 (November 26, 1997).[4] The Court, therefore will dismiss Count IV.

### D. Count V: Wrongful Termination

■ Finally, in Count V, Hart charges all defendants with wrongful termination. Maryland law, however, only allows claims for wrongful discharge in cases "which otherwise would not be vindicated by a civil remedy." *Makovi v. Sherwin–Williams Co.,* 316 Md. 603, 605, 561 A.2d 179, 180 (1989). Thus, if Title VII and Md.Code Ann. Art. 49B provide a remedy for a terminated employee, the employee cannot sue for wrongful discharge. *Seeid.* at 626, 561 A.2d at 189; *Watson v. Peoples Security Life Ins. Co.,* 322 Md. 467, 480, 588 A.2d 760, 766 (1991); *Kerrigan v. Magnum Entertainment,* 804 F.Supp. 733, 735 (D.Md.1992); *Parlato v. Abbott Laboratories,* 850 F.2d 203, 206 (4th Cir.1988). Because Title VII and Art. 49B provide a remedy for Hart, this Court must dismiss Count V of her Complaint.

### IV. Conclusion

For the reasons stated above, this Court shall, by separate Order, GRANT IN PART and DENY IN PART the defendants' Motion to Dismiss.

---

4. These cases explain that the Maryland Worker's Compensation Act provides the exclusive remedy for employee injuries arising out of and in the course of employment.